ST. LOUIS, ARKANSAS AND TEXAS RAILROAD V. ANDERSON.

1. DAMAGES: *For right of way for railroads, how estimated.*
   The owner's damages for the right of way to a railroad over his land, can not be diminished by the estimated benefit likely to accrue to his remaining property by the building of the road.

| | |
|---|---|
| 39 | 167 |
| 56 | 466 |
| 39 | 167 |
| 67 | 375 |
| 39 | 167 |
| 68 | 604 |
| 68 | 606 |
| 39 | 167 |
| 78 | 86 |
| 39 | 167 |
| 86 | 606 |

2. SAME: *Elements of.*

The elements composing the owner's damages for a right of way over his lands, include not only the value of the land taken for the way, but also the injury to his remaining land arising from the increased *difficulty* of communication between the severed parts, the inconvenient shape in which the remaining land is left, the cost of new fences required by the construction of the road, and various other causes not of a remote or speculative character.

3. SAME: *Measure of: Evidence of value: Witnesses.*

The true measure of damages is the difference between the market value of the whole tract before the taking, and that of the remainder after the taking, excluding any enhancement of value by the building of the road; and the opinions of witnesses conversant with the land and its value before and after the taking, are admissible as evidence.

APPEAL from *Washington* Circuit Court.

Hon. J. H. BERRY, Judge of Circuit Court.

*B. R. Davidson*, for appellant:

This was a proceeding under *secs. 4944–48 Gantt's Digest.* The testimony admitted below was objectionable, because:

1. Some of the witnesses who gave an opinion as to damages had not been on the land, and it was not shown that they had any knowledge of how the right of way affected it.

2. Some of the witnesses, who were allowed to speculate as to how much the market value of the land would be diminished by building and operating a railroad through the tract, were not shown to possess any knowledge of the market value of the lands in the neighborhood. They had no knowledge of railroads, and it was not shown that they had ever seen a railroad. *Whitney v. City of Boston, 98 Mass., 112; Buffman v. N. Y. & B. R. R., 4 Rhode Island, 221.*

3. The witnesses were allowed to usurp the province of

the jury, and to testify as to how much it would damage the land to take the right of way, etc., which was contrary to all legal principles, etc. *Lincoln v. S. & S. R. Co.*, *23 Wendell, 430; Norman v. Wells, 17 Wend., 161; Decker v. Meyers, 31 How. Pr., 372; Buffman v. N. Y. & B. R. R. Co., 4 R. I., 221; Evansville R. Co. v. Fitzpatrick, 10 Ind., 120; Harrison v. Iowa, M. R. Co., 36 Iowa, 324; Russell v. City of Burlington, 30 Iowa, 262; Prosser v. Wappelle Co., 18 Iowa, 327; Blair v. M. & P. D. C. R. Co., 20 Wis., 262; A. & F. R. Co. v. Burkett, 42 Ala., 87; M. & W. P. R. Co. v. Varner, 19 Ala., 185.*

4. The road was not built, nor the grading done, yet the witnesses were allowed to testify as to how the building and operating of the road would affect the *future* value of the land. "Such testimony as this does not arise to the dignity of an *opinion*, but it is a mere *guess;* besides, it leaves the witness to speculate as to consequential damages, or imaginary damages not allowed by law." *Watson v. P. & C. R. R. Co., 37 Penn. St., 469; Troy & B. R. Co. v. Lee, 13 Barb., 170.*

A party is entitled to "just compensation," which is the value of the land taken, and as damages to an amount equal to the depreciation of the market value of the tract of land, etc. *H. and N. R. R. Co. v. Dickerson, 17 B. Mon., 173; 59 Ills., 273; 70 ib., 238; 83 ib., 585; 31 Mo., 369; 4 Rh. Island, 221; Mills on Eminent Domain, secs. 152, 158; 8 Wendel, 85; 53 Ga., 120; 31 Cal., 367; 51 Penn., 87; 33 Miss., 629; Cooley on Con. Lim., 4th ed., p. 707; 5 Rich., L. R., (South Carolina); Greenville and C. R. R. Co. v. Ponton; Gantt's Digest, sec. 4948; 70 Ills., 233; 83 Ills., 536; 78 Ills., 273, 530.*

The damages were excessive according to the legal proof. *R. R. v. Heister, 8 Penn. St., 452.*

It was error to tax all the costs against the appellant. *Evansville R. Co. v. Fitzpatrick, 10 Ind., 120.*

### STATEMENT.

SMITH, J.   This was a proceeding under *secs. 4944–48 of Gantt's Digest*, to obtain the right of way across a quarter section of land, and to assess the owner's damages. The surveyed line ran through an inclosed field for the distance of about one thousand feet, and the superficial area to be appropriated to the use of the railway company, computing the right of way at one hundred feet, would embrace a little less than three acres.   The tract contained one hundred and forty acres, was well improved, and was proved to be worth $4,000 or $5,000.   The railway, when constructed, would pass about two hundred yards distant from the dwelling house, leaving some fifteen acres on the west side, and the residue on its east side, but would not interfere with any buildings, orchards, shade trees, wells or other improvements except the field through which it ran, part of which was in meadow.   It would necessitate the building of additional fences along the line of the road, and it made the strip, which was severed from the main farm, more inaccessible, as the owner, in going to that part of the land, must either leave his own premises and pass through those of a neighbor, or must construct a crossing over the railway track.   It rendered the meadow almost useless, destroying a great part of it.   The jury assessed the damages at $250.

### OPINION.

1. RAIL-ROADS:
Damages for right of way, how estimated.

The principal grievance complained of, as shown by the company's objections to testimony, its prayers for instructions, its motion for a new trial, and its brief here, is, that in determining the amount of compensation, the jury did not, and were not allowed to, deduct from the owner's damages, the benefits likely to accrue to his remaining property from the building of the road.

St. Louis, Arkansas and Texas Railroad v. Anderson.

We believe the current of authorities is to the effect that such deductions may be made, when not prohibited by constitutional or statutory provisions. (See cases cited in *Pierce on Railroads, at page 221.*) But such decisions have no application here, where it is provided that compensation must be made in money, and be ascertained, irrespective of any benefits from the proposed improvement. (*Constitution of 1874, art. 12, sec. 9.*) A similar provision was contained in the Constitution of 1868. (*Art. 5, sec. 48.*) It is the plain meaning of this clause that a person whose land has been taken for the use of a railway company, is entitled to be paid in money, and can not be compelled to accept, as compensation, the estimated enhancement in the value of his remaining property. And such was its settled construction at the date of the adoption of our present Constitution. *Whitehead v. Ark. Central Railway Co., 28 Ark., 460; A. & F. Railway Co. v. Burkett, 46 Ala., 569; S. C., 42 Ala., 83; Giesey v. Cin. W. and Z. R. Co., 4 Ohio St., 308; Cleveland and P. R. Co. v. Ball., 5 Ohio St., 568; Little Miami R. Co. v. Collett, 6 Ohio St., 182; St. Joseph and D. C. R. Co. v. Orr, 8 Kan. 419; Hunt v. Smith, 9 Kan., 137; Atchison, T. and S. F. Ry. Co. v. Blackshire, 10 Kan , 477.*

The damages were not excessive, according to the evidence. The elements which enter into such an estimate are not alone the market value of the land actually appropriated, but include also the injury to the owner's remaining land, arising from the increased difficulty of communication between the parts of the severed tract; the inconvenient shape in which the remaining land is left; the cost of new fences required in consequence of the construction of the railroad; the increased exposure to fire, so far as it depreciates the value of the residue of the land, and various other causes, provided they are not of a remote or speculative character. *Pierce on Railroads, p. 174,* and cases there cited.

2. Elements of damages

3. MEASURE OF:    The true measure of damages is the difference between the market value of the whole tract before the taking, and the market value of what remains to him after such taking, excluding any enhancement of value by the building of the road. And the jury were, in substance, so told. The case was fairly submitted to them under proper directions.

Evidence of value: Witnesses.    The only other alleged error relates to the admission, as evidence, of the opinions of witnesses conversant with the land as to its value before and after the taking. Such witnesses are competent, not strictly as experts, having peculiar skill or scientific attainments, but as persons having particular knowledge of facts in issue. Whether the witness has acquired sufficient information to qualify him to give an opinion, is a question largely within the discretion of the presiding judge. Here the majority of the witnesses sworn were farmers, resident in the neighborhood, and acquainted with the property. It was no error to permit their testimony to go to the jury for what it was worth. *Pierce on Railroads, p. 225.*

Affirmed.