## DICKERSON *v.* OKOLONA.

### Opinion delivered March 13, 1911.

MUNICIPAL CORPORATIONS—LOWERING GRADE OF STREET—DAMAGE TO PROPERTY.—The owner of property abutting on a street in a city or incorporated town is entitled to recover compensation for damage done to the property in lowering the grade of the street, under Const. 1874, art. 2, § 22, providing that "private property shall not be taken, appropriated or damaged for public use without just compensation therefor."

Appeal from Clark Circuit Court; *Jacob M. Carter*, Judge; reversed.

*Hardage & Wilson*, for appellant.

The appellee is liable for the damage to appellant's property by lowering the grade of the street on which the property abuts; otherwise the words "appropriate or damage" used in our present

Constitution, art. 2, § 22, would be meaningless. Compare Const. 1868, art. 1, § 15. See also 15 Cyc. 662; 56 Am. Rep. 109.

*Hamby & Haynie,* for appellee.

The complaint does not state a cause of action. There is no allegation that the grading of the street was negligently or unskillfully done, nor there was any malice toward the owner of the property. 93 Ark. 250; 49 Ark. 139; 53 Am. Dec. 357 and note; 56 Am. Rep. 109; 28 Cyc. 1257; 34 Ark. 105; 49 Ark. 139; 73 Ark. 447; 74 Ark. 519; 30 Am. St. Rep. 373 and note; 66 Am. 434.

McCULLOCH, C. J. Plaintiff, who owns a lot in the incorporated town of Okolona on which is situated a dwelling house, barn and other outhouses, instituted this action against said incorporated town to recover damages to the property by reason of lowering the grading of a street.

The complaint, as far as necessary to copy, reads as follows:

"That said dwelling house and other buildings and improvements on said premises were erected with reference to the grade for Gurdon Street, as then adopted by the defendant, and before the time hereafter complained of. That the defendant by its officers and agents did, in the latter part of the year 1909, lower and change the grade of said Gurdon Street along the front of plaintiff's said property, and thereby made it very inconvenient of ingress and egress; and left said street in such condition that it washes very badly in the time of heavy rains, and caused a large ditch to be cut and washed along the front of plaintiff's property, thereby making it difficult to get into plaintiff's premises, or off of them, and caused plaintiff's lots next to said street and deep ditch to cave off into said ditch and be washed away in time of heavy rains, and causing a diminution in the market value thereof to the amount of $225. That, in accordance with sections 5495 to 5497 of Kirby's Digest of the statutes of Arkansas, plaintiff appointed an arbitrator and notified the defendant in writing of the same on the ——— day of December, 1909; that the defendant ignored said notice, and has failed and neglected to comply with the provisions of said sections in said digest."

The circuit court sustained a demurrer to the complaint, and the plaintiff appealed.

The question presented is whether, under the Constitution and statutes of the State, the owner of property abutting on a street in a city or incorporated town may demand and recover compensation for damage done to the property in the grading of the street.

The Constitution declares that "private property shall not be taken, appropriated or damaged for public use without just compensation therefor." Art. 2, § 22.

A statute on the subject reads as follows:

"Sec. 5495. In all cases where any municipal corporation shall be liable for the payment of damages to the owner or occupant of any lots or grounds by reason of the grading of any streets or alleys, or public grounds, or part thereof, the said damages shall be ascertained and assessed by three disinterested reputable freeholders of said city, appointed, one by the city or town council, one by the owner of the property injured, and the persons thus appointed shall choose the third person."

"Sec. 5497. If any person shall neglect or refuse to accept the amount so assessed, as herein provided, and shall prosecute the city, and if by suit for damages he or they shall not recover more than the amount allowed by the assessors, such party so prosecuting shall pay all costs of suit. No claimant for damages shall commence any suit for damages on account of such grading or improvement until he shall have filed a claim for greater damages with the city clerk at least thirty days before the commencement of the suit. Nor shall any suit be commenced until after the assessors shall have been appointed and made return of their assessment as herein provided, nor for thirty days thereafter. The city or town council shall, within three days after the claimant shall have notified them in writing that he has appointed his assessor, appoint one assessor on the part of the city, and they shall, within five days thereafter, select the third assessor, and qualify as herein before provided. Act March 9, 1875."

This court has repeatedly held that a municipal corporation is not responsible in damages for negligent or tortious acts of its officers and agents. *Arkadelphia* v. *Windham*, 49 Ark. 139; *Collier* v. *Fort Smith*, 73 Ark. 447; *Gray* v. *Batesville*, 74 Ark. 519; *Franks* v. *Holly Grove*, 93 Ark. 250; *York* v. *Fort Smith*, 52 Ark. 84.

The authorities on that question are divided, but this court has steadily adhered to its position, without considering where the weight of authority rests.

In the case of *Simmons* v. *Camden,* 26 Ark. 276, this court held (quoting from the syllabus) that "cities and towns have authority to lay out, open, grade and keep in good repair the streets, and a suit will not lie at the instance of an individual for damages resulting from injuries to private property from the lawful exercise of this authority by the incorporation, where there has been no negligence, want of care or skill in its exercise."

That decision was rendered in 1871, when there was no statute authorizing the recovery of compensation in such cases.

The Constitution of 1868 then in force, unlike the language of the present Constitution, provided only that "private property shall not be taken for public use without just compensation therefor." The change in the present Constitution is significant, and some force must be given to the altered language.

The Legislature of 1875, which assembled shortly after the adoption of the present Constitution, and which contained many members who had been members of the constitutional convention, enacted the statute quoted, which clearly recognized the force of the constitutional mandate and provided a remedy for assessing damages done to abutting property by grading a street.

This remedy is manifestly not exclusive, for the right to maintain an action for compensation where the proper amount has not been allowed is clearly recognized in the statute.

The Supreme Court of California, in *Reordon* v. *San Francisco,* 66 Cal. 492, 56 Am. Rep. 109, construing a provision of the Constitution of that State identical in language with ours, held that a municipality was liable for damage done to abutting property. The court said:

"As the clause now stands, private property cannot be damaged for public use without just compensation having been first made or paid as prescribed. To what kind of damage does this word 'damaged' refer? We think it refers to something more than a direct or immediate damage to private property, such as the invasion or spoliation. There is no reason why this word should be construed in any other than its ordinary and popular sense. It embraces more than the taking. If it did not refer

to more than the damage above mentioned, the word 'damaged' in the cause relied on would be superfluous. It seems to us that the direct invasions spoken of would come within the clause as it stood in the Constitution of 1849. If the word 'damaged' only embraced physical invasions of property, the right secured by this word would add nothing to the guaranty as it formerly stood."

That court in a later case reaffirmed the doctrine of the former case. *Eachus* v. *Los Angeles*, 130 Cal. 492. It is worthy of notice that the California court is one that had previously taken position similar to that taken by this court on the question of nonliability of a municipal corporation for negligence.

The same conclusion has been reached by numerous other courts, and in most of the cases the distinction is made, as in the California cases cited above, between the effect of a constitutional provision that private property shall not be taken or damaged for public use without compensation therefor, and one merely that private property shall not be taken for public use without compensation therefor. *Atlanta* v. *Green,* 67 Ga. 386; *Moore* v. *Atlanta,* 70 Ga. 611; *People* v. *McRoberts,* 62 Ill. 38; *Bloomington* v. *Pollock,* 141 Ill. 346; *Werth* v. *Springfield,* 78 Mo. 107; *Searle* v. *Lead,* 10 So. D. 312; *Texarkana* v. *Talbot,* 7 Tex. Civ. App. 202; *Cooper* v. *Dallas,* 83 Tex. 239; *Harman* v. *Omaha,* 17 Neb. 548; *Johnson* v. *Parkersburg,* 16 W. Va. 402; *O'Brien* v. *Philadelphia,* 150 Pa. St. 589.

The only conflicting authority is a decision of the Colorado Supreme Court *(Leiper* v. *Denver,* 36 Col. 110) where it is held that under a similar constitutional provision the owner of abutting property cannot recover compensation for injury from lowering or raising the grade of a street from the natural surface to a grade established. That court had previously held in another case that where a permanent grade of a street is established by a city, and the owner of an abutting lot improves his property in conformity therewith, the city is liable in damages to such owner occasioned by a subsequent change of the grade. *Denver* v. *Bonesteel,* 30 Col. 107.

The allegations of the complaint in the present case bring it even within the doctrine of the Colorado court.

We are of the opinion that the authorities thoroughly establish the doctrine that under a constitutional provision guarantying compensation to the owner of private property damaged for public use, a municipality is liable for damage done by raising or lowering the grade of a street; otherwise the language of the Constitution would be meaningless. Of course, the resulting injury must be direct and peculiar to that property, and not such as is shared by the general public. The fact, however, that other property similarly situated sustains injury in like manner would not prevent recovery of compensation.

Reversed and remanded with directions to overrule the demurrer.