## FAYETTEVILLE *v.* STONE.

### Opinion delivered June 17, 1912.

MUNICIPAL CORPORATION—CHANGE OF GRADE OF STREET—LIABILITY.— When the natural surface has been used as the grade line for the streets of a city, and abutting property owners have improved their property with reference to such streets and grade line, if the city afterwards changes the grade from the natural surface so as to damage such abutting property owners, the city will be liable in damages.

Appeal from Washington Chancery Court; *T. Haden Humphreys,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

On the 27th of August, 1909, the appellant city of Fayetteville passed an ordinance providing that abutting property owners of property around the "Square" should lay and construct certain sidewalks and gutters "upon the grade heretofore established or that hereafter may be established." Section 4 of the ordinance provides "that any person required by the provisions of this ordinance to construct any sidewalk, curb or gutter, who, after due notice, shall fail or refuse to do

so for a period of thirty days, shall be guilty of a misdemeanor, and, upon conviction, shall be punished as provided in ordinance 336, passed June 12, 1908."

On the 29th of July, 1910, notice was duly served upon the appellees to build a sidewalk, curbing and guttering in front of appellee's property. Appellees having refused to construct the sidewalk as ordered, in front of their business house on the "Square," appellant proceeded to take up the walk which had been there for some years, and which had been used for seven or eight years by the public in the city, and proceeded to change the grade in front of the building to about two feet below where it had been and upon which the original sidewalk existed, and excavated out in front of the building about the same distance, and laid the sidewalk in front of appellee's building, the surface of which was about nineteen inches below the floor level.

About eight or ten years before, the then owner of the building lowered the floor of the building so as to conform to the grade of the street as it was then being used by the city. From that time the public continued to use the sidewalk that was laid in front of the building, which conformed to the grade of the street at that time, until the present grade of the street was established and the new sidewalk was laid by the city. The old sidewalk was a flagstone walk. This suit was brought by the appellant to recover the cost of the construction of the walk in front of appellee's building and to have a lien declared on the same for the payment thereof. Appellees filed an answer, and made their answer a cross bill, setting up that they were damaged by reason of the lowering of the grade of the sidewalk in front of their building in the sum of $400, and asked for judgment in that sum.

The court, after hearing the evidence, found that the appellee had been damaged by reason of the lowering of the walk in the sum of $150; that the city expended in building the sidewalk $46.67, and rendered a judgment in favor of the appellee for the sum of $103.33, from which judgment both appellant and appellees prosecute an appeal.

*H. L. Pearson,* for appellant.

A city is not liable for damages to an abutting owner by reason of lowering the grade from the natural surface,

except in case of negligence or unskilfulness on the part of the city's agents. 36 Col. 110; 36 Pac. 789; 86 *Id.* 1046; Dillon, Mun. Corp. (4 ed.) § 995a; 28 Oh. Civ. C. Rep. 173; 85 N. E. 583; 26 Ark. 276; 31 *Id.* 494; art. 12, § 9, Const.; 14 Ia. 296; 121 N. Y. 13; 67 Ga. 386.

*Appellees, pro se.*

1. A city is liable for damages resulting to an abutting owner from a change of grade. 39 Ark. 167; 69 *Id.* 600; 98 *Id.* 206.

2. A city can not change the natural surface grade, recognized and treated as the grade of a street for a long time and acquiesced in by the owners of abutting property, even though no actual grade was ever established by ordinance, without compensation for actual damages. 35 L. R. A. 852; 141 Ill. 351; 120 Mo. 110; 23 L. R. A. 658; 96 Pa. 331; 31 Neb. 635.

Wood, J., (after stating the facts). When the natural surface has been used as the grade line for the streets of a city, and abutting property owners have improved their property with reference to such streets and grade lines, if the city afterwards changes the grade from the natural surface so as to damage abutting property owners, the city will be liable for such damages. The use of the natural surface as a grade for its streets by a municipality is the establishment of a grade conforming to that surface.

In *Harman* v. *Bluefield*, 73 S. E. 296, it is said: "It is not necessary that the city should have first by ordinance established a grade line and then afterwards have changed it to constitute liability. The use of North Street by the public from 1905 to 1907, when it was improved and the grade line changed, was tantamount to the adoption of the street with the natural surface as the grade line, and any subsequent change from that grade line, which injured plaintiff's property, rendered the city liable." Citing cases.

The surface in such cases is the initial grade line. Any change thereafter made from such grade is a change from the established grade. In this case the uncontradicted evidence shows that the abutting property in controversy had been built to conform to the original surface grade of the street of

the city of Fayetteville, which had been used by the public
as such for a number of years.

In *Hempstead* v. *Salt Lake City,* 32 Utah, 261, 90 Pac. 397,
a municipal corporation was held liable for change of grade of
a street which had been used for a long time at the original or
surface grade. The court used the following language: "The
effect on respondent's property was precisely the same as
though there had been a change from one established grade
to another. It is a matter of universal knowledge that, if
property is improved at all when a town or city is platted,
it must be in accordance with the natural or surface grades.
That is the grade generally adopted and acted upon, and
this, for all practicable purposes, becomes the established
grade of such streets upon which the abutting owners may rely
in making improvements."

In *Hutchinson* v. *Parkersburg,* 25 W. Va. 226, a munici-
pality was held liable for change of grade of a road which had
existed for a number of years previous to its incorporation
within the limits of the municipality. See also *Blair* v. *Charles-
ton,* 43 W. Va. 62, 35 L. R. A. 852, 64 Am. St. Rep. 837;
*Sallden* v. *Little Falls,* 102 Minn. 358; *New Brighton* v. *Peir-
soll,* 107 Pa. 280, and other cases cited in appellee's brief.

We are of the opinion, therefore, that the lowering of the
grade of the street by the cutting down of the sidewalk in
front of appellee's property abutting thereon was a change
in the grade of the street.

In *Dickerson* v. *Okolona,* 98 Ark. 206, this court, construing
the provisions of our Constitution and statutes on the subject,
held that damages must be paid for injury to abutting property
by the change of a street grade, which damages are direct
and peculiar to such property, and not such as are shared by
the public generally. In a note in that case, in 36 L. R. A.
(N. S.) pp. 1194-1196, it is said: "The rule sustained by the
great weight of authority is that, under a constitutional pro-
vision against the taking of private property without com-
pensation, a municipal corporation is liable for damages re-
sulting to an abutting owner for a change in the grade of a
street." Citing numerous cases.

There is a decided conflict in the evidence as to whether
or not appellees were damaged by reason of the changing of

the grade of the sidewalk. It could serve no useful purpose to review the evidence. The writer is of the opinion that the preponderance of the evidence shows that appellees were damaged in the sum of four or five hundred dollars, but a majority of the court is of the opinion that the findings of the chancellor as to damages and the amount thereof are not clearly against the weight of the evidence, and his judgment is therefore correct, and must be affirmed.