CITY OF PARAGOULD *v.* MILNER.

Opinion delivered October 12, 1914.

1.  EMINENT DOMAIN—COMPENSATION—BENEFITS—INCREASE IN VALUE.— Where the public use for which a portion of a land owner's land, is taken so enhances the value of the remainder, as to make it of greater value than the whole was before the taking, the owner will be held in such case to have received just compensation in benefits.

2.  EMINENT DOMAIN—COMPENSATION—EVIDENCE OF BENEFITS—LIMITA-TIONS.——In determining whether the public purpose for which a portion of a land owner's land is taken enhances the value of the remainder, the benefits which will be considered must be those which are local, peculiar and special to the owner's land.

3.  EMINENT DOMAIN—COMPENSATION—MUNICIPAL CORPORATIONS.—Art. 12, § 9, of the Constitution of 1874, providing for compensation to the owner when land is taken by a corporation does not apply where it is appropriated for a public use by a municipal corporation.

Appeal from Greene Circuit Court; *J. F. Gautney,* Judge; reversed.

STATEMENT BY THE COURT.

The appellant instituted this action in the circuit court of Greene County, alleging substantially as follows: That it is a public municipal corporation, with full power and authority to establish, open and widen streets and alleys for public purposes within its corporate limits; that the defendant is the owner in fee of a certain tract or parcel of land in the city of Paragould, which it describes, said real estate being located at the northwest corner of Highland Avenue and Sixth Street, running three hundred feet on the west side of Sixth Street; that in order to widen Sixth Street to the proper width and in accordance with what the public interest demands, it will require a strip of land four feet wide off, from and across the east side of the tract described; that it has sought to obtain the consent of the defendant to the widening of the street through his property as aforesaid, but has failed to do so by reason of the refusal of the defendant to relinquish his title thereto for the purpose of widening the street; that on the 15th of Sep-

tember, 1913, the city council of Paragould passed a resolution for the purpose of authorizing condemnation proceedings for the strip mentioned for the purpose of widening the street. The prayer was for the condemnation of the strip for public purposes and for all proper relief. With the complaint was an exhibit showing the resolution of the city council, duly passed, authorizing and directing the condemnation of the strip of land, specifically described in the complaint.

The answer contained a specific denial of all the material allegations of the complaint.

Witnesses were introduced as to the value of the strip of land sought to be condemned. There was a stipulation of counsel to the effect that witnesses would testify, if permitted to do so, that the benefits to the property left after the strip was condemned would exceed the value of the property appropriated by $300. Appellant offered testimony to this effect, but the court refused to allow it to introduce it; to which exceptions were duly saved.

The court also instructed the jury, over the objection of appellant, that they "should not take into consideration any betterment that may accrue to the defendant by reason of this proposed improvement;" that "you can not pay a man for his property in betterment, and the sole question to be determined by you will be the difference in the value of the property after this strip is taken off of it, and what it now is. The measure of his damage is the difference between the value of the property as it now stands and what it will be after this strip is taken off from it."

There was a verdict in favor of the appellee for $100. From a judgment in this sum this appeal has been duly prosecuted.

*William F. Kirsch,* for appellant.

The court erred in excluding evidence that the value of the remaining property would be enhanced by reason of the improvement, and in directing the jury not to

"take into consideration any betterments that may accrue to the defendant by reason of this proposed improvement," etc. 64 Ark. 556; 167 U. S. 548; 91 N. E. (Ind.) 234; 134 Ind. 262; 17 Kan. 58; 143 Mass. 521; 83 S. W. (Mo.) 439; 112 N. C. 759; 6 Ore. 328; 225 Pa. St. 184; 6 R. I. 514; 23 Vt. 362; 50 Wash. 29; 8 Kan. 419; 27 Kan. 382; 47 Kan. 191.

*W. S. Luna,* for appellee.

There was no issue raised as to special benefits either by allegations in the complaint or by the proof; hence, the only question presented is as to general benefits. The court's instructions 1 and 2 are right and correctly state the law. Art. 12, § 9, Const.; Kirby's Dig., §§ 2901, 2898, 2899; 39 Ark. 171. See, also, 68 Ark. 600, 604, 605.

WOOD, J., (after stating the facts). Article 12, section 9, of our Constitution, under the title, "Municipal and Private Corporations," provides as follows: "No property, nor right-of-way, shall be appropriated to the use of any corporation until full compensation therefor shall be first made to the owner, in money, or first secured to him by a deposit of money, which compensation, irrespective of any benefit from any improvement proposed by such corporation, shall be ascertained by a jury of twelve men, in a court of competent jurisdiction, as shall be prescribed by law."

In *Cribbs* v. *Benedict,* 64 Ark. 556, the court had under consideration the question as to whether or not a land owner could receive compensation for land taken for the use of the public in benefits that the remainder of his land would receive by reason of the improvement. In determining this question, the court had in mind article 2, section 22, of the Constitution, which provides that private property shall not be taken, etc., for public use without just compensation, and the other sections of our Constitution which guarantee to the owner of property taken for public use just compensation, as embodied in the eminent domain provisions. Chapter 58, sections 2898 to 2901, inclusive, of Kirby's Digest. Appellee re-

lies upon these provisions of the Constitution to sustain the ruling of the court on the excluded testimony and the instruction which the court gave.

In the case of *Cribbs* v. *Benedict, supra,* we said: "Where the Constitution is silent upon the subject, the decisions of the courts present diverse views upon the right to consider, by way of compensation for a portion of his land taken for public use, the benefits thereby accruing to the remainder. The view which seems to us to accord with reason, and which is supported by high authority, is that where the public use for which a portion of a man's land is taken so enhances the value of the remainder as to make it of greater value than the whole was before the taking, the owner in such case has received just compensation in benefits. And the benefits which will be thus considered must be those which are local, peculiar and special to the owner's land, who has been required to yield a portion *pro bono publico.*" Numerous authorities are cited in the opinion in support of the doctrine. See also the additional authorities cited in appellant's brief.

The doctrine announced in the above case is controlling here and shows that the ruling of the court in excluding the offered testimony and in giving the instruction was error.

The appellee contends that there was no allegation or proof to the effect that the improvement contemplated here was peculiar and special to the owner's land as contradistinguished from the benefits to the general public, but the rulings of the court were placed upon the broad ground, as expressed in the instruction, "that you can not pay a man for his property in betterments." This would exclude the idea of peculiar and special benefits being considered by way of compensation for land taken and appropriated to the public use. Besides the allegations of the complaint and the testimony were sufficient to warrant a submission to the jury of the issues as to whether or not appellee would receive peculiar and special benefits. It appears that it was necessary in order

to straighten the street, to take four feet which jutted out in front of appellee's lot.

Appellee also insists that the appellant is a corporation within the meaning of article 12, section 9, of the Constitution, *supra*, and that under the provisions of that section it would have to make compensation in money, and that no benefits, special or otherwise, could be considered by way of compensation.

While section 8 is included under the head of "Municipal and Private Corporations," it is manifest from the language of that section, as well as the context of other sections in article 12, that the word "corporation" as used in section 9 refers to private corporations, for when land is appropriated for the use of the public it is not appropriated "to the use of" any corporation. Here the land is condemned by the municipal corporation to be appropriated to the use of the public.

The rulings of the court above referred to were erroneous. The judgment is therefore reversed, and the cause remanded for a new trial.