·CATE v. CRAWFORD COUNTY.

Opinion delivered April 2, 1928.

1. EMINENT DOMAIN—DAMAGES FOR TAKING LAND FOR HIGHWAY.—
   In determining the damages for taking land for a public highway
   in a proceeding under Crawford & Moses' Dig., § 5249, the value
   of benefits received by the landowner will be taken into considera-
   tion, since § 5231 has no application, and Const., art. 12, § 9, for-
   bidding the appropriation of property without full compensa-
   tion, applies only to private corporations, and art. 2, § 22, relates
   entirely to the owner's right to compensation but not to a remedy
   therefor.

2. EMINENT DOMAIN—SET-OFF OF SPECIAL BENEFITS.—The increase
   in value to a landowner's property by reason of a public road
   being established adjacent to his land constitutes a special bene-
   fit which may be offset against damages for land taken in a pro-
   ceeding under Crawford & Moses' Dig., § 5249.

Appeal from Crawford Circuit Court; *J. O. Kin-cannon*, Judge; affirmed.

*Starbird & Starbird*, for appellee.

McHANEY, J. Appellant is the owner of a tract of land in Crawford County, Arkansas, through which, by order of the county court, a public highway was laid out and constructed, and in doing so 3½ acres of his land were taken. He presented his claim in apt time to the county court for damages in the sum of $1,350 caused by the taking of said land and for damages to the remaining land. The county court disallowed his claim, and an appeal was taken to the circuit court, where it was tried before the court without a jury. The court found "that the plaintiff had been damaged by the opening of the road complained of, by the taking of the land used for the road, by the irregular shape and isolated position of the smaller piece of land cut off from the larger, and by the unfenced condition in which the land was left after the opening of the road. That the plaintiff's land was benefited by the building of the road in the particulars set forth in the testimony of defendant's witnesses. That the benefits so testified by defendant's witnesses are special and peculiar benefits as a matter of·

law, and that the defendant has a right to have such benefits set-off against the value of the land as well as against the damage to the land not taken. That the damage to the land not taken plus the value of the land taken exceed benefits to the remaining land by the sum of $250,'' for which amount judgment was entered in appellant's favor.

The proof shows that the road was laid out through appellant's farm so as to cut off a three-acre triangular piece on the south side of the road, and a one-half acre triangular piece on the north side, and that the value of these two separate pieces of land has been reduced by virtue of being detached from the main body of land one-half its original value, and the proof on the part of appellant was to the effect that the value of the bottom land, of which the three-acre tract was a part, was $135 or $140 per acre, whereas the upland was worth about $50 an acre.

The proof on the part of appellee tended to show that the building of this road through the farm had materially increased the value of the farm. One witness stated that the increased value of the land by reason of the building of the highway was from $500 to $1,000 more than it was before; that this land was peculiarly benefited in that it made it a mile and one-half nearer to Alma, both because of the highway and the new bridge across the creek adjacent to the farm. The witnesses on behalf of appellee testified that the whole country was benefited by reason of the construction of the highway, but that the property adjacent to the highway was specially benefited thereby. Counsel for appellee has not favored us with a brief in its behalf.

It is the contention of counsel for appellant that the circuit court erred in offsetting the increased value of the land by reason of the improvement against the damages suffered by reason of the land actually taken, and it is urged that § 5231 of C. & M. Digest prescribes the rule in this regard, that is, that the damages shall be ascertained without deduction for benefits to the property of the owner. This section reads as follows:

"On presentation of the petition and proof of notice of publication as aforesaid, and the county court being satisfied that proper notice has been given in accordance with the provisions of said act, said court shall appoint three disinterested citizens of the county as viewers, who shall also be a jury to assess and determine the compensation to be paid in money for the property sought to be appropriated, without deduction for benefits to any property of the owners; and they shall also assess and determine what damages each owner of the lands over which the road is to run shall suffer by the opening and constructing of said road."

It will be noticed that this section applies to the old system in effect prior to act of May 31, 1911, now § 5249, C. & M. Digest. We think § 5231 has no application to this case, as it is not the system resorted to in the laying out and establishing this highway, or any change therein. The county court made the opening order of this road under § 5249, C. & M. Digest, and the claim was filed in pursuance of the provisions of such section, and the appeal to the circuit court was prosecuted by authority thereof. It will therefore be seen that, even though both statutes exist, and that either method of procedure might have been resorted to, the procedure provided by the later statute was followed by both parties, and the method of determining the damages provided by § 5231 can have no application here. The act of 1911 does not prohibit the court from taking into consideration, in determining the landowner's damages, the value of the benefits received by such owner from the improvement. In this respect it differs from § 5231 and also with the eminent domain statute fixing the measure of damages for rights-of-way for railroads and other corporations, as, by § 3998, C. & M. Digest, the damages shall be determined and assessed irrespective of any benefit such owner may receive from the improvement.

Section 9 of article 12 of our Constitution provides that: "No property, nor right-of-way, shall be appro-

priated to the use of any corporation until full compensation therefor shall be first made to the owner, in money, or first secured to him by a deposit of money, which compensation, irrespective of any benefit of any improvement proposed by such corporation, shall be ascertained by a jury of twelve men, in a court of competent jurisdiction, as shall be prescribed by law."

And § 22 of article 2 of the Constitution prohibits the taking of private property for public use without just compensation. It will therefore be seen that the acquisition of property for right-of-way or other purposes cannot be taken by a private corporation, such as a railroad company, without payment therefor in money, and that benefits by reason of the construction of the improvement cannot be considered.

This court has held that the word "corporation," as used in § 9, article 12, refers to private corporations, and that when land is appropriated for the use of the public it is not "appropriated to the use of any corporation," as set out in the above section. *Paragould* v. *Milner,* 114 Ark. 334, 170 S. W. 78. In that case the city of Paragould, a municipal corporation, sought to condemn a strip of land, privately owned, for the purpose of widening a street. It was stipulated that witnesses would testify, if permitted to do so, that the benefits to the property left after the strip was condemned would exceed the value of the property appropriated by $300. The court refused to permit such offered testimony, and it also instructed the jury, over the city's objection, that they "should not take into consideration any betterment that may accrue to the defendant by reason of this proposed improvement," and that "you cannot pay a man for his property in betterment," etc. This court reversed the case, and held to the effect, as already stated, that the word "corporations," as used in the section of the Constitution, did not apply to a municipal corporation, and that, quoting the first syllabus, "where the public use for which a portion of a landowner's land is taken

so enhances the value of the remainder as to make it of greater value than the whole was before the taking, the owner will be held in such case to have received just compensation in benefits." It was further held in that case that the benefits to be considered must be those which are local, peculiar, and special to the owner's land.

It was further held, in *Dickerson* v. *Tri-County Drainage District*, 138 Ark. 471, 212 S. W. 334, that § 22 of article 2 of the Constitution, providing that "private property shall not be taken, appropriated or damaged for public use, without just compensation therefor," relates entirely to the owner's right to compensation, but not to the remedy therefor. And that a drainage district may take private property for its right-of-way under the State's right of eminent domain, and that it may exercise such right without notice to the owner, and without giving a hearing upon that question. See also *Sloan* v. *Lawrence County*, 134 Ark. 121, 203 S. W. 260.

In *Cribbs* v. *Benedict*, 64 Ark. 555-559, 44 S. W. 707, 708, this court said:

"Where the Constitution is silent upon the subject, the decisions of the courts present diverse views upon the right to consider, by way of compensation for a portion of his land taken for public use, the benefits thereby accruing to the remainder. Lewis, Em. Dom., § 465. The view which seems to us to accord with reason, and which is supported by high authority, is that, where the public use for which a portion of a man's land is taken so enhances the value of the remainder as to make it of greater value than the whole was before the taking, the owner in such case has received just compensation in benefits. And the benefits which will be thus considered must be those which are local, peculiar, and special to the owner's land, who has been required to yield a portion *pro bono publico*."

This case was cited and quoted from with approval in *Paragould* v. *Milner, supra,* and in the more recent case of *Weidemeyer* v. *Little Rock,* 157 Ark. 5, 247 S. W.

62, where a strip of Weidemeyer's land had been condemned by the city of Little Rock for the opening of Broadway Street. It was again held that the benefit accruing to the remaining portion of Weidemeyer's land exceeded the value of the strip taken, and compensation was properly denied. In that case the lower court directed a verdict for the city, on the ground that the benefit to be derived by the improvement to be made exceeded the value of the property taken for such improvement, and this court sustained such instructed verdict. We are unable to make any distinction between that case and the one now before us as to the principle of law now under consideration. If it applies to the opening of a city street through city property, why should the same rule not apply to the opening or laying out of a rural road through rural property?

The Constitution and statutory provisions of this State with reference to the taking of private property by railroads and other private corporations, as well as the decisions of this court relating thereto, are wholly different from the statute now under consideration. There is no provision either in the Constitution or the statute prohibiting the offsetting of benefits against damages in cases of this kind, and we therefore conclude that the circuit court did not err in taking these special, local and peculiar benefits to this tract of land into consideration in arriving at the judgment in this case.

It is next insisted by counsel for appellant that the benefits testified to by the witnesses for appellee were all such benefits as accrued to the general public, and were therefore not special, local or peculiar to this particular land, and therefore cannot be taken into consideration in the reduction of damages. We cannot agree with counsel in this contention. The proof shows that the value of appellant's land has been greatly increased by reason of this road lying adjacent to his land, and that his farm in its present condition is worth from $500 to $1,000 more than it was before the construction of

this road. Under the rule announced in *Weidemeyer* v. *Little Rock, supra,* these benefits may be offset against the damages. The circuit court found that the damage to the land not taken plus the value of the land taken exceed the benefits to the remaining land by the sum of $250. There is substantial testimony to support this finding of the court, and, under the rule above announced, the judgment must be affirmed.

MEHAFFY, J., dissents.