HEMPSTEAD COUNTY *v.* HUDDLESTON.

Opinion delivered September 29, 1930.

L. F. Monroe, Wm. S. Atkins and U. A. Gentry, for appellant.

O. A. Graves, for appellee.

McHANEY, J. On September 18, 1929, appellee filed his claim in the county court of Hempstead County for damages to land, crops, timber and fences by reason of the relocation and construction as relocated of Highway No. 27 through his lands, the total damage claimed being $625. The county court disallowed the claim, and an appeal was taken to the circuit court where, on a trial *de novo*, there was a verdict and judgment for $400 in his favor.

Two grounds are now urged by appellant for reversal of the case. The first is that the court erred in refusing to give instruction No. 1 requested by it. This instruction is exactly the same as requested instruction No. 4 in case No. 1703, *Hempstead County* v. *Gilbert, post* p. 280, in which an opinion is this day filed, holding that appellant's contention in this regard is not well taken. This case on this point is therefore ruled by that.

The second ground for reversal is that the court erred in giving instruction No. A on its own motion, which is as follows: "You are instructed that the burden of proof rests upon the plaintiff to establish his claim for damages to his land arising from the construction of the public road through said land, and, if you find from a preponderance of the evidence that he has been damaged by reason of the manner in which said road runs

through his land, and in the manner of its construction and by reason of the shape and condition in which the land is left, then you will find for the plaintiff in such sum as you may find will compensate him for said damages less the benefits which he has received by the enhancement of the value of said lands by the construction of said road, if any. In determining the amount of plaintiff's damage, if any, you may take into consideration the market value of said lands, if it has been shown, prior to the building of the road, and the market value thereof if it has been shown, subsequent to the building of the road, and if you find that the market value of said land before and after the building of the road was affected only by the building of the road and the condition in which the land was left, then you are instructed that the measure of plaintiff's recovery will be the difference between the said market value before the road was built and after it was built. The plaintiff is also entitled to receive compensation for damage to his crops and fencing, if damage has been shown by a preponderance of the evidence.''

A specific objection was interposed to this instruction on the ground that it permitted the jury to consider as an element of damages the relocation of the road so as to leave the main residence of the appellee off the road, the contention being that every one must take notice of the right of the county or State to change the location of a road, so that it would not pass immediately by the residence, and that there can be no recovery on account of such a change. Appellee answers this contention by stating that he does not think the instruction open to this objection, since no mention is made in the instruction of appellee's residence, and cites *Donaghey* v. *Lincoln,* 171 Ark. 1042, 287 S. W. 407, and *Cate* v. *Crawford County,* 176 Ark. 873, 4 S. W. (2d) 516, to sustain the instruction. The two cases referred to do not relate to the question now before the court, and, as we view them, have no bearing on it. We think the instruction is open to the objection made against it, especially when taken in con-

nection with the evidence. Appellee was permitted to testify over appellant's objections to the measure of his damages, which included the fact that the old road ran by his residence and that the new road did not. He was asked this question, "Now, I want to know the difference between the reasonable market value of your land as the old road was laid out and was there in front of your residence premises, just what it was before this road was constructed, and what it was afterwards, taking in consideration all damages done and any benefits in it." He answered that he had been damaged $1,000. Other witnesses for the appellee testified to the damages done appellant, taking into consideration the damage by reason of the relocation of the road, so that it did not run immediately in front of appellee's residence. We are of the opinion that this was not a proper element of damage to be considered by the jury, and that the court erred in permitting the witnesses to testify thereto and in giving instruction No. A, which is clearly open to the objection made, and permitted the jury to assess the damages on such basis. No person has a vested right in the maintenance of a public highway in any particular place, as the power is in the State to relocate the road at any time in the public interest. Therefore, the change in the road so as to leave appellee's residence off the new road did not constitute an element of damage in this case. The proper measure of damages was the fair market value of the land taken, plus the damage, if any, to the land not taken, less the benefits to the land, if any, by reason of the construction of the new highway, including damages to crops, etc. If the benefits equaled or exceeded the damages, there can be no recovery.

For the error indicated the judgment will be reversed, and the cause remanded for a new trial.