CLARK COUNTY *v.* MITCHELL.

5-352                                                       266 S. W. 2d 831

Opinion delivered March 29, 1954.

[Rehearing denied May 3, 1954.]

*G. W. Lookadoo, W. R. Thrasher* and *W. L. Terry,* for appellant.

*John E. Lookadoo,* for appellee.

ROBINSON, J. The issue here is the amount of damages suffered by landowners by reason of the loss of a strip of ground taken by eminent domain proceedings for a highway right-of-way, and because of the lowering of the grade of the highway about 5 feet in front of appellees' place of business. A jury was waived and the circuit court, sitting as a jury, awarded damages in the sum of $20,000. Clark County has appealed contending the judgment is excessive.

Appellees own approximately 6½ acres of land in Clark County adjoining the west side of Highway 67, which at this point runs north and south. Located on the land is a store building and dwelling house under one roof, also several tourist cabins. The appellant took from appellees a strip of land 10 feet in width extending across the 6½ acres.

There is substantial evidence to the effect that appellees have spent between $30,000 and $40,000 on the improvements, and now the property is practically worthless for commercial purposes and has no considerable value for any other purpose. The right-of-way now is within 1½ feet of the front door of the store; when the screen door is opened, it comes out over the right-of-way.

The 10-foot strip was taken for the purpose of increasing the width of the right-of-way of Highway 67 to 200 feet. The Highway Department has constructed within the boundaries of the 200-foot right-of-way a new concrete strip 24 feet wide just east of the old strip. Appellees' land and improvements are at or near the apex of a rise in the highway; in order to build the new concrete strip in accordance with modern practices, this rise was cut down to the extent that the new concrete strip is now approximately 5 feet lower than the old strip and appellees' improvements, and when the old strip is rebuilt it will also be lowered to the level of the new strip. However there is no showing as to just when the west portion of Highway 67 will be rebuilt.

Appellant contends that in assessing damages the trial court took into consideration the anticipated change in grade of that portion of Highway 67 adjoining appellees' property, and allowed damages therefor. Undoubtedly there is very substantial evidence to the effect that appellees have been damaged to the extent of the amount awarded by the court, but appellant contends that if appellees have been damaged in any amount other than the value of the land actually taken, it is by rerouting the highway rather than changing the grade. It is contended that although a new concrete strip has been laid

on the 200-foot right-of-way and the grade therefor has been lowered 5 feet in front of appellees' place of business, appellees are not entitled to damages by reason of the change in grade because that portion of the highway which actually adjoins the property still owned by appellees has not been lowered at this time.

Highway 67 has not been rerouted; it still passes directly in front of appellees' place of business, and the right-of-way which now includes the 10-foot strip of ground taken from them comes within 1½ feet of the front door of their place of business. It is true that only a portion of the right-of-way had been lowered as of the date of the trial, but it is equally true that there is substantial evidence to the effect that the west portion of the highway will be rebuilt, and when this is done it will be lowered to the level of the new strip.

If appellees have not been damaged because only the eastern portion of the right-of-way has been reduced in grade at this time, just how far west could the Highway Department go in lowering the grade before it would get to the point where appellees would be damaged?

It is true that the route of Highway 67 could be changed without giving rise to a cause of action in favor of a landowner on the present highway. But here Highway 67 has not been rerouted; in fact, instead of being rerouted it has been extended in width at its present location, taking a 10-foot strip of the landowner's property in order to widen it. The evidence is convincing that all of Highway 67 will be lowered in front of appellees' place of business; 10 feet of their land has been taken to facilitate the construction of the new highway, obviously at a lower grade. Also there is substantial evidence to the effect that the change of grade in the highway will practically destroy the value of appellees' property for commercial purposes, for which it is now being used.

Our Constitution, Article 2, § 22, provides: "Private property shall not be taken, appropriated, or damaged for public use without just compensation." In *Dick-*

*erson* v. *Okolona,* 98 Ark. 206, 135 S. W. 863, 36 L. R. A., N. S. 1194, Chief Justice McCulloch in referring to the above section of the Constitution said: "We are of the opinion that the authorities thoroughly establish the doctrine that under a constitutional provision guaranty-ing compensation to the owner of private property dam-aged for public use, a municipality is liable for damage done by raising or lowering the grade of a street; other-wise the language of the Constitution would be meaning-less." See also *Fayetteville* v. *Stone,* 104 Ark. 136, 148 S. W. 524.

In *Hempstead County* v. *Huddleston,* 182 Ark. 276, 31 S. W. 2d 300, this court said the measure of damages is the value of the land taken plus the damage to the land not taken, less any accruing benefits. In the case at bar appellees are entitled to compensation for the land taken, plus the damage to the land not taken. In arriv-ing at the amount of the damages it is proper to take into consideration the difference in the market value of the property before and after the taking. *St. Louis, Ar-kansas & Texas Railroad* v. *Anderson,* 39 Ark. 167; *City of Harrison* v. *Moss,* 213 Ark. 721, 212 S. W. 2d 334.

There is substantial evidence to sustain the damages awarded by the court; and in our opinion the court was correct in finding that in addition to the value of the land taken, damage was caused by changing the grade and not by rerouting the highway.

Affirmed.

GEORGE ROSE SMITH, J., dissenting. In this case the appellee's home, store, and tourist court lie on the west side of the old highway. In the main his buildings are as yet undisturbed and have the same physical value as be-fore. It is true that the market value of his property has been reduced by the relocation of the highway, but I do not regard that damage as compensable in this action.

What the State has done is to relocate the highway by constructing a new thoroughfare a short distance east of the old road. The old highway is still in existence and

provides a means of access to the appellee's place of business. The proof is that the appellee's volume of business has declined, as it is now difficult for the traveling public to reach his store and tourist court. It happens that this difficulty is due in part to the fact that the new road is several feet lower in grade than the old one; to reach the appellee's property the public must leave the new road at a short distance in either direction from the appellee's place of business, instead of immediately in front of it. But the point is that this inconvenience, with its adverse effect upon market values, is simply due to the fact that the road has been relocated.

In *Hempstead County* v. *Huddleston*, 182 Ark. 276, 31 S. W. 2d 300, we held that damage resulting from the relocation of a highway is not compensable. ''No person has a vested right in the maintenance of a public highway in any particular place, as the power is in the State to relocate the road at any time in the public interest. Therefore, the change in the road so as to leave appellee's residence off the new road did not constitute an element of damage in this case.'' Had the new road in the case at bar been located a mile east of the old one the damage to the appellee would have been far greater than it is now, since it would have been still more inconvenient for the public to do business with him. Yet in that situation the loss would not have been compensable. I do not see that the situation is changed by the fact that here the relocated highway is a few feet away horizontally and about five feet vertically, while in the supposed case the new road might be a mile away horizontally. In either case the harm results from the fact that the appellee's property no longer abuts the main thoroughfare, but that is not an element of recoverable damage.

The other factor relied upon by the appellee's witnesses is the possibility that the old highway may someday be regraded to the elevation of the new one, leaving the appellee's property perched from a bank five feet above the road. That however, is only a possibility that may or may not occur. I think it unsound to bottom the landowner's claim to damages upon a uncertainty such as

this, for there is no limit to the vague threats of future damage that landowners may conjure up in condemnation cases. Damage that is purely speculative should not be paid for until it becomes a fact.

If the State should, at some future date, take steps to lower the grade of the old highway, that will be a separate damage for which the appellee will have a separate cause of action. In *Arkansas State Highway Com'n* v. *Partain,* 192 Ark. 127, 90 S. W. 2d 968, Partain's situation was exactly like the appellee's will be if the State decides in the future to lower the old roadway. There the State did not propose to take any of Partain's land; its purpose was to construct a viaduct upon an existing street that ran directly in front of Partain's residence. Even though Partain could not sue the State, we held that he could enjoin the work until compensation had been made for the damage. In like manner, if the State should eventually decide to reduce the elevation of the old highway the appellee will have his remedy by injunction.

It is my conclusion that this cause should be remanded for a new trial, the proof to be limited to those damages that are now recoverable.

HOLT and WARD, JJ., join in this dissent.