CULLUM *v.* VAN BUREN COUNTY.

5-381                                           267 S. W. 2d 14

Opinion delivered April 19, 1954.

*C. V. Jones* and *Opie Rogers,* for appellant.

*Alton Bittle,* for appellee.

Ed. F. McFaddin, Justice. This is an appeal by a landowner from a judgment, based on a Jury Verdict, that refused to award the landowner any damages for his property taken for highway purposes.

The County Court of Van Buren County made an order [1] for the relocation of State Highway No. 9 which resulted in taking approximately one acre of Cullum's land. His claim for $5,000 damages was entirely disallowed by the County Court. On appeal to the Circuit Court, the case was tried to a Jury, and from a judgment adverse to Cullum, he brings this appeal.

I. *Sufficiency of the Evidence to Sustain the Verdict.* The evidence showed—*inter alia*—that State Highway No. 9, as relocated, went *through* Cullum's land instead of *along side* it, as theretofore; that as a result of the relocation, Cullum's store was left some distance from the new road; that his lands were cut into small and irregular parcels and subject to overflow; that his well was taken because it was in the right-of-way; and that some of his fences and trees were destroyed. Against all these matters of damage, the County claimed that Cullum had received special benefits to his land by reason of the new road; and that the special benefits far exceeded all of his damages. The County Judge; John H. Johnson, in testifying that Cullum's benefits to his remaining lands exceeded all of his damages, said: ". . . in fact, I think his property is worth more." Likewise, the witness, Joe Hall, testified: "I would say the benefits would outweigh the damages he has sustained. . . ." By consent, the Jury viewed the premises before returning its verdict. In the light of the foregoing, we conclude that the evidence was sufficient to sustain the verdict.

Art. 2, § 22, of the Constitution of Arkansas states: ". . . private property shall not be taken, appropriated or damaged for public use, without just compen-

---

[1] See § 76-510, Ark. Stats.

sation therefor.'' But our cases hold that when the benefits to the remaining property exceed the damages resulting because of the property taken, then the landowner has received ''just compensation.'' See *Cate* v. *Crawford County,* 176 Ark. 873, 4 S. W. 2d 516; *Weidemeyer* v. *Little Rock,* 157 Ark. 5, 247 S. W. 62; and *City of Paragould* v. *Milner,* 114 Ark. 334, 170 S. W. 78.

II. *Instructions.* Among other Instructions, the Court gave these three:

## I.

''In this case the claimant, Jack Cullum, seeks to recover damage for the taking of his property and the construction of a highway through his property. Private property cannot be taken for public use without just compensation, and if you find from the evidence and by a preponderance thereof that the County of Van Buren took and damaged the property of the claimant you should find for the claimant, in such a sum as will fairly compensate him for the said damage and as hereinafter instructed.''

## II.

''You are instructed that if you find for the claimant, Jack Cullum, you will fix his damage at the difference in the fair market value of the property before and after the construction of the highway. You are further instructed that if you find that the highway as constructed created a special benefit to the other lands of the claimant, Jack Cullum, you may set whatever benefits it is to his other property off against whatever damage you find he has suffered.''

## No. ''C''

''You are further instructed that no person has a vested right in a highway; that is, no person has a right to demand that a highway be left in the same position where it is now located. So you are instructed that any damage that the claimant may have suffered solely and directly due to and caused by the relocation of the highway would not be an element of damages in this case,

except as to any bearing that such relocation might have upon the value of the real estate.''

Cullum offered no objection to Instruction No. I. The record is a little uncertain as to whether his only objection to the Instructions was to Instruction No. II or Instruction No. "C," as above copied.[2] But in either event, the only objection reads:

"The claimant, Jack Cullum, objects to the giving of Instruction No. 2 for the defendant and for such reason says that said instruction is in conflict with Instruction No. 1 given for the claimant and does not state the correct rule of the law covering the damages."

Assuming that the objection went to Instruction No. II, we consider the objection without merit. While the thought expressed in Instruction No. II might be worded differently, nevertheless, it contains in plain, every-day, understandable language the test of benefits offsetting damages; and it was correct when considered with Instruction No. I that was given without objection. If we consider Cullum's objection as going to Instruction No. "C," we likewise find that the objection is without merit. The first part of Instruction No. "C" was possibly based on the case of *Hempstead County* v. *Huddleston*, 182 Ark. 276, 31 S. W. 2d 300.

If the concluding language of Instruction No. "C"— *i.e.*, ". . . except as to any bearing that such relocation might have upon the value of the real estate"— means that the relocation of the road *depreciated* the value of the real estate, then the Instruction was too favorable to Cullum, and was in violation of our holding in *Hempstead County* v. *Huddleston, supra*. But, of course, Cullum could not complain of an Instruction too favorable to him. On the other hand, if the concluding language of Instruction No. "C"—as above quoted—means that the relocation of the road *enhanced* the value of the

---

[2] As we read the transcript, the objection offered by Cullum's attorney was to Instruction No. II. But in appellant's brief, he argues the objection as urged against Instruction No. "C"; and the appellee's brief raises no objection. Therefore, we think it better to discuss both Instructions.

remaining real estate, then the Instruction was correct. The Instruction should have been worded so as to be susceptible only to this latter interpretation, because with such meaning, the Instruction was correct, when considered along with the other Instructions in the case. The relocation of the road took property of the claimant; and for damages resulting from such taking, he was entitled to recover, unless the relocation itself gave him benefits in excess of his damages. At all events, Cullum's objection was without merit.

Affirmed.