CITY OF WALDRON *v.* HUSTON.

5-2799                                        361 S. W. 2d 556

Opinion delivered October 15, 1962.

[As amended on denial of rehearing November 26, 1962.]

*Donald Poe,* for appellant.

*R. S. Dunn,* for appellee.

SAM ROBINSON, Associate Justice. In 1948 the appellees, Robert Huston and his wife, Barbara Huston, bought the Northwest Quarter of the Northwest Quarter of Section 27, Township 3 North, Range 29 West, in Scott County, Arkansas. In 1951 the city limits of the City of Waldron were extended to include all of Section 28, township and range as above set out. Sections 27 and 28 are bordered on the north by State Highway No. 80.

In September, 1961, the City of Waldron contracted with Glenn Plummer to do some grading on an old road beginning at Highway 80 and the northeast corner of Section 28 and running south about one-fourth mile. It was thought that the road was located in Section 28 at the section line dividing Sections 27 and 28, and in the city limits. After Plummer had pushed down five or six trees and had done some grading for a distance of about 150 feet on the old road, Mrs. Huston caused him to be stopped, it being her contention that the road Plummer was working was in Section 27.

A temporary restraining order was issued by the Chancery Court enjoining the City of Waldron and Plummer from doing any further work on the road. On final hearing the restraining order was made permanent, the Chancellor finding that if the road in question is in Section 27, the land on which it is located belongs to the Hustons, as they had purchased the Northwest Quarter of the Northwest Quarter of Section 27; and if the road

is in Section 28, the Hustons own the land on which the road is located by adverse possession. The Court further held that the Hustons had been damaged in the sum of $400.00 by reason of the grading of the road and destruction of the trees, and had been damaged in the additional amount of $250.00 caused by the piling of the trees on the Huston property. The city has appealed.

The principal controversy between the parties is the correct location of the section line between Sections 27 and 28. The City of Waldron claims that the section line begins at one point and the Hustons contend it is 17 feet west of that point.

The Hustons bought their land from the Waldron Hardware Company in 1948 and paid for it in installments. The last installment was paid in 1953 and the deed and abstract were delivered. The grantor employed Mr. Edgar Smallwood, the county surveyor, to establish the location of the corners of the property sold to the Hustons. Mr. Smallwood established the Northwest corner of Section 27 and the Northeast corner of Section 28 as being the point the city now claims is the north end of the section line between the two sections. At that time Mrs. Huston did not agree with Mr. Smallwood that the corner, as located by him, was correct. She thought the section line between the two sections was farther west, but she accepted the deed and did nothing further about establishing the line until the city began to grade the road in 1961.

Of course, if the road in question is in Section 27, the city has no authority to work it, and would not want to work it, as it would be outside the city limits. On the other hand, if the road is in Section 28, it is within the city limits; the Hustons have no record title to any part of that section and could own no part of the land on which the road is located unless they have acquired such ownership by adverse possession.

A decided preponderance of the evidence proves that the 150 feet of the road worked by Plummer for the City of Waldron is in Section 28; that the trees knocked down

and the grading done by him, for which the trial court awarded the Hustons damages in the sum of $400.00, is in Section 28; and that the Huston land in Section 27 was not damaged by removing the trees or working the road. The trees, however, were pushed over onto the Huston property in Section 27, and on that account the trial court awarded damages in the sum of $250.00.

Now as to the evidence of the location of the section line between Sections 27 and 28. Mr. Edgar Smallwood, who lives in Waldron and is the County Surveyor of Scott County, along with Mr. Melvin Bell, a graduate engineer, made a survey to locate the Northeast corner of Section 28 and the Northwest corner of Section 27. They began their measurements at a corner established by a U.S. Government survey. The corner was unmistakably marked by a wagon thimble buried in the ground with the big end up. This was the corner between Sections 20, 21, 28, and 29. Mr. Smallwood first found this corner in 1934 by digging in the ground and finding the wagon thimble described in the field notes of the U.S. survey. That corner is now in the center of a paved street in Waldron, but it was again located with field notes.

Mr. Luther C. Phillips, County Surveyor of Garland County, produced as a witness by appellees, also measured from the corner of Sections 20, 21, 28, and 29 and reached the same point that Mr. Smallwood and Mr. Bell had said was the correct line between Sections 27 and 28; but Mr. Phillips ran two other lines and reached the conclusion that the correct line was 17 feet west of that point. First he began at a point three-fourths mile north of Sections 27 and 28 and ran a line south. He missed by 18 feet the point he later testified was the correct corner. He then went to a point one-fourth mile south and three-fourths mile west of the corner in question and began at an alleged corner that was not identified by field notes or monuments. He only had information he obtained from one of the property owners of the Love and Henry Addition to the City of Waldron. Mr. Phillips was asked:

"Q. You say there is no marker there but an iron stob?

A. Yes.

Q. And the only way you know about it was what one of the property owners pointed out to you as the corner of one of his lots?

A. Yes, sir."

He had no field notes.

The kind of evidence used by Phillips in locating a known starting point does not carry much weight in establishing corners for an accurate survey. The evidence is completely convincing that the section line between Sections 27 and 28 is where Mr. Smallwood and Mr. Bell testified that it is located. The preponderance of the evidence shows that the work done by Plummer was west of the Smallwood line. This being true, the 150 feet of road worked by Plummer is, accordingly, in Section 28.

The next question is whether the Hustons have acquired any part of Section 28 by adverse possession. There is no evidence that they have exercised any acts of ownership over any part of Section 28. True, they thought the west line of Section 27 was farther west than it proved to be, but they did not fly their flag over that part of Section 28 they thought was in Section 27; they did nothing whatever that would be calculated to let anyone know they were claiming ownership of any part of Section 28. One cannot acquire land by adverse possession merely by thinking that the land belongs to him; he must do more. Adverse possession may not ripen into ownership unless possession for seven years has been actual, open, notorious, continuous, hostile, exclusive, and accompanied with the intent to hold against the true owner. *Terral* v. *Brooks,* 194 Ark. 311, 108 S. W. 2d 489, and the many cases cited under Adverse Possession, Arkansas Digest.

Moreover, the evidence is overwhelming to the effect that the road running along the section line of Sections

27 and 28 from Highway 80 to the Wagoner house about one-fourth mile south, has long since been acquired as a public road by prescription. According to the undisputed testimony, the strip of land in question has been used by the public as a road for 50 years or more. For many years there has been a fence on each side of the road. Until this litigation arose, the right of the public to use the road has not been questioned. The county has worked the road for many years; graded it and put rock and gravel on it. At one time someone put a wire gate across the end of the road to keep stock from getting out onto the highway, but this was not done by appellees.

From what has been said, it can be seen that the Hustons are not entitled to a judgment for damages alleged to have been sustained by reason of the work done by Plummer on the 150 feet of road, all of which is in Section 28; but the trees pushed down were piled on appellees' land in Section 27, and for that reason they are entitled to damages of $250.00 as awarded by the court.

On cross appeal, the Hustons maintain that they are entitled to a judgment against Plummer as well as one against the city, by reason of Plummer piling the trees on the Houston land. The city employed Plummer to do the work, and the city cannot damage private property without paying just compensation. Our Constitution, Art. 2, Sec. 22, provides: "Private property shall not be taken, appropriated, or damaged for public use without just compensation." *Dickerson* v. *Oklolona,* 98 Ark. 206, 135 S. W. 863; *Fayetteville* v. *Stone,* 104 Ark. 136, 148 S. W. 524; *Clark County* v. *Mitchell,* 223 Ark. 404, 266 S. W. 2d 831. Of course, if Plummer negligently placed the trees on appellees' property, he would be liable for such negligence and appellees would be entitled to a judgment against him as a joint tort-feasor; but the city was given ten days to remove the trees from appellees' property in lieu of paying the $250.00 damages. The record does not show whether the trees have been removed.

In substance, our conclusion is that the line established by Smallwood is the section line between Sections

27 and 28; that the work done by Plummer was in Section 28; that the Hustons have acquired none of the land by adverse possession; that the road from Highway 80 to the Wagoner house has been acquired by the public by prescription; that the city is not liable to the Hustons for the $400.00 damages awarded by the trial court, but is liable for $250.00 for piling the trees on the Huston property; that Plummer is liable as a joint tort-feasor for the $250.00 if he negligently piled the trees on appellees' property and the trees have not been removed.

Reversed on appeal and on cross appeal with instructions to allow the Smallwood survey to be laid out on the ground and then for the Court to determine from competent evidence whether any damages have accrued to the appellees in addition to the $250 above mentioned, and if so, to render judgment accordingly.