REEVES *v.* BARTHOLOMEW.

Opinion delivered February 11, 1929.

W. G. Dinning, for appellant.

J. G. Burke, Bevens & Mundt and E. M. Pipkin, Jr., for appellee.

HUMPHREYS, J. Appellant, the owner of lot 12 in West's Addition to the city of Helena, brought this suit against Bartholomew & Barry, a firm of contractors, to recover damages in the sum of $2,000 for alleged acts of trespass committed by them upon said lot by excavating and removing the terrace and destroying the sidewalk adjoining the property on the south side.

Bartholomew & Barry filed an answer, denying that the excavation was done on said lot, but, on the contrary, was done in St. Mary's Street, adjoining the lot, and at the request and direction of the mayor, city engineer and street commissioner of the city of Helena, and requested that said city be made a party defendant, in a cross-bill alleging that, if defendant's property was injured, it was under the direction of the city officers, and that said city is wholly responsible.

The city of Helena filed an answer, admitting the excavation was done under the direction of its officers, but alleged that the terrace and sidewalk were built unlawfully in St. Mary's Street, and that the excavation was done by Bartholomew & Barry for the mutual benefit of themselves and the city of Helena, "they to get dirt needed in another contract, and the city to have its street improved for the better accommodation of the public." And, as a further defense, said that all of the excavation was done in St. Mary's Street, and that none of the dirt removed was a part of the lot belonging to appellant, and that the excavation was done willfully, but was done after a careful survey was made by the city engineer.

The record reflects the following facts: Mary E. West and Mary G. West platted a certain tract of land adjoining the city of Helena into an addition thereto, and dedicated the streets in said division to the public. Among the streets dedicated was St. Mary's Street, 60 feet wide

1132

north and south by 606.6 feet east and west. They sold lots in the addition according to the plat filed for record, and sold the particular lot in question to appellant's husband many years ago. After appellant's husband purchased the property, he expended a large sum in grading the lot and terracing it on the south side and constructing a sidewalk 256 feet in length on the terrace. Owing to the topography of the lots in that vicinity, the sidewalks were built along terraces in the streets near the adjoining lots. Appellant's husband constructed the terrace in question and the sidewalk under the supervision and direction of the city engineer of Helena and in accordance with the natural grades or lay of the land. Only a portion of St. Mary's Street was used by the public. It had never been opened up to the terraces, sidewalks, nor to its full width of 60 feet, until in December, 1926. Bartholomew & Barry had a contract near this property to fill in other property, and needed dirt for the purpose. The mayor and the city engineer, in order to widen St. Mary's Street without cost, requested Bartholomew & Barry to move their steam shovel to St. Mary's Street and excavate the dirt up to the property line of the lot owned by appellant, without her knowledge and consent. The city surveyor was requested to survey St. Mary's Street, and set line stakes between the adjoining property and said street. The survey showed that the terrace which constituted the lateral support to appellant's lot and the sidewalk thereon were in the street. No grade was furnished, and it was not shown that the grade had ever been changed from the surface or natural grade which governed at the time the terrace was constructed and the sidewalk built thereon. In addition to grading the lot, building the terrace and constructing the sidewalk, appellant's husband had built a house on the back end of the lot in question, which was being used and rented to servants at the time the excavation was made. The porch to this house extended over the property line into the street, the house and porch being constructed with reference to the terrace and sidewalk. The entrance

to the house was from St. Mary's Street. The excavation was made according to the survey of the city engineer, up to the property line, and, according to the evidence introduced by appellant, several feet over her property line.

The city engineer testified that, after the excavation had been made and before he testified, he made another survey, and found that several feet had caved in on the lot itself on account of the excavation all along the south line thereof. In making the excavation, the terrace and sidewalk were destroyed. The excavation was to a depth of about 12 feet, and was almost perpendicular. In other words, the excavation took away from the lot its lateral support, and caused it to cave in at the top. After the excavation had been made, a part of the porch to the house extended over the precipice, and the entrance thereto was entirely destroyed.

The cause was sent to the jury, over the objection of appellant, upon the theory that appellees were not responsible for any damage to the lot resulting from the excavation, if, in making the excavation, they did not encroach upon the lot itself. Every instruction given by the court to the jury told them, in effect, to find for appellees if the excavation was made in St. Mary's Street. All of the instructions given were erroneous declarations of law as applied to the undisputed facts in the case. In the case of *Fayetteville* v. *Stone,* 104 Ark. 136, 148 S. W. 524, this court announced the rule to be that "the use of the natural surface of a grade as a street by a municipality is the establishment of a grade conforming to that surface"; and, further, that "when the natural surface has been used as the grade line for the streets of a city, and abutting property owners have improved their property with reference to streets and grade lines, if the city afterwards changes the grade from the natural surface so as to damage abutting property owners, the city will be liable for such damages."

The rule as announced is applicable in the instant case under the undisputed facts. Appellant's lot was

1134

adjacent to St. Mary's Street, and was improved with reference to the natural grade, under the supervision of the city engineer, and, in disregard of this fact, appellees excavated the street 10 or 12 feet deep, without establishing a different grade, and, in doing so, destroyed the terrace and sidewalk on the south side of her lot, as well as all lateral support, so that the lot would and did cave in. Even though the city council had changed the grade from the surface to the depth the street was excavated, appellees would have been responsible for all damages resulting from the excavation, and the court should have instructed the jury that appellees were liable for all damages resulting to appellant's lot on account of the excavation, and should have submitted the question of the amount of damages to them for determination. The amount of the damages to the lot is the only question that should have been submitted to the jury, and that should have been submitted under a correct rule or measure for ascertaining said amount. Appellant was entitled to recover the difference in the market value of her lot before and after the excavation.

On account of the error indicated the judgment is reversed, and the cause is remanded with directions to submit the issue of damages to the jury.