PAVING DISTRICTS NOS. 76 AND 52 OF PINE BLUFF *v.* STATE HIGHWAY COMMISSION.

4-2604 & 2605

Opinion delivered June 27, 1932.

*Coleman & Gantt,* for appellant.

*Hal L. Norwood,* Attorney General, and *Claude Duty,* Assistant, for appellee.

McHANEY, J. Prior to the passage of act 85, p. 247, Acts 1931, Street Improvement Districts Nos. 76 and 52, in the city of Pine Bluff, had improved certain streets

therein, a portion of which was being used as continuation of State Highway No. 3. Prior to the passage of said act 85, in the year 1930, appellee contemplated changing the route of State Highway No. 3 so that it would not pass over any portion of the improvement in said districts. Pursuant to that purpose, appellee entered into a contract for the construction of approximately one-half mile of new highway to connect State Highway No. 3 with West Sixth Avenue, and participated with Improvement District No. 105 in said city in the paving of West Sixth Avenue and other streets in said district over which said highway would pass, under the provisions of act 8 of 1928, approved October 3, 1928. The one-half mile connection above mentioned was graded, but has never been paved-nor opened for public use. Certain streets in district No. 105 have been designated as the continuation of highway No. 65, which is both a Federal and State highway, and appellee participated in the cost of said improvement to the extent of one-half of the entire cost of construction of the improvement made by said districts. Appellee has continued to route traffic passing over State Highway No. 3 over a few blocks of the improvement in appellant districts since the passing of act 85, but with the purpose and intent of changing the route as above stated, and has designated same as a temporary route by its markers thereon. Appellants brought these suits against appellee to compel it, by writ of mandamus, to participate in the retirement of the outstanding bonds and maturing interest under § 2 of said act 85. Demurrer was interposed and sustained to the complaint setting forth the above facts, and this appeal followed.

We think the court correctly sustained the demurrer. The complaint shows that appellee contemplated the change in the route of highway No. 3 through the city of Pine Bluff, and had actually entered upon the construction of one-half mile connection to route the traffic over the streets in Improvement District No. 105, and had participated with said district to the extent of one-half the cost of the improvement in said district No. 105. This

shows that, although appellee was using as a continuation of State Highway No. 3 a few blocks of the improvement in appellant districts, this use was temporary in character, and we are of the opinion that it was not the intention or purpose of the lawmakers in passing act 85 of 1931 to require appellee to participate by paying one-half the bonds then outstanding in municipal street improvement districts for a mere temporary use of said streets, and especially where a permanent route had been selected over other streets and its share of the cost thereof assumed. The fact that appellee was using a portion of the street improved by appellant districts at the time of the passage of act 85 gave it no vested right to a continuation of the use thereof. *Hempstead County* v. *Huddleston,* 182 Ark. 276, 31 S. W. (2d) 300.

The route to be selected as continuations of State Highways through cities and towns rests in the sound discretion of the Highway Commission, and no person would have the right to control such discretion by mandamus. The ultimate effect of this suit is virtually an attempt to compel appellee to continue the use of a portion of the streets in appellant districts as a continuation of State Highway No. 3, and, as we have already shown, this is a matter resting in the discretion of the Commission, and not subject to be controlled by mandamus.

The judgment of the circuit court is correct, and must be affirmed.