## GREGG *v.* SANDERS.

### Opinion delivered May 30, 1921.

EMINENT DOMAIN—JUST COMPENSATION—ENHANCEMENT IN VALUE.—
The general rule that where the public use for which a man's
land is taken so enhances the value of the remainder as to make
it of greater value than the whole was before the taking, the
owner in such case has received just compensation in benefits, has
no application to a taking by an improvement district, as the
benefits by the improvement can not be deducted from the com-
pensation to be allowed to a property owner for that portion of
his property which is taken and used in the construction of the
improvement.

Appeal from Jackson Circuit Court; *Dene H. Cole-
man,* Judge; affirmed.

*John W. & Jos. M. Stayton.,* for appellants.

1. The court erred in sustaining the demurrer to the
answer.

The Constitution contains no limitations upon the
consideration of benefits as just compensation for land
taken under the power of eminent domain except when
exercised through the instrumentality of a corporation.
64 Ark. 559. The Newport Levee District is not a pri-
vate corporation, but a body politic and corporate, a pub-
lic corporation, and the act creating it is constitutional.
59 Ark. 533. Art. 12, section 9, of our Constitution does
not apply to anything except condemnation proceedings
by private corporations. 64 Ark. 555; 78 *Id.* 580; 120
*Id.* 239. There is nothing in article 12, section 9, Consti-
tution, to support the lower court in sustaining the de-
murrer. The rights of the parties here are controlled by
section 22, article 2 of our Constitution, which declares
that private property shall not be taken for public use
without just compensation. C. & M. Digest, title Emi-
nent Domain. Where the public use for which a portion
of a man's land is taken so enhances the value of the re
mainder as to make it of greater value than the whole
was before the taking, the owner *has* received *"just com-
pensation"* in benefits. 64 Ark. 559; 114 *Id.* 334. The
court should have overruled the demurrer.

*Geo. A. Hillhouse* and *Brundidge & Neelly*, for appellees.

No question was raised as to the right of the corporation to take private property without paying therefor, and the only question is the constitutionality of the act. The act is constitutional. The questions raised in the Cribbs and Benedict case are not now before this court, and the rule does not apply. 114 Ark. 334. Under.the proof the judgment is right, and should be affirmed.

McCULLOCH, C. J. The Newport Levee District was created as an improvement district by the Legislature (Acts 1917, page 1285), for the purpose of constructing a levee along the bank of White River, through the city of Newport and contiguous territory. The right of eminent domain was conferred for the purpose of acquiring lands to be used in the construction of the levee. The cost of the improvement included, of course, all costs of acquiring rights-of-way and other expenses to be paid for by assessments on benefits accruing to the real property affected by the improvement. Appellees are the owners of a tract of land containing approximately seventeen acres situated just outside of the city of Newport and fronting on White River, and in the construction of the levee the district took and used about five acres of said land of appellees, all of which land so taken fronted on White River. The remainder of the land of appellees is within the bounds of the district, and the benefits thereto from the construction of the levee have, of course, been assessed and will be taxed proportionately for the construction of the improvement. It is not shown in the present record how the district acquired the right-of-way over the land of appellees, and, as no point is made in this case on that proposition, we assume that the lands were taken without the exercise of the right of eminent domain in the manner prescribed by the statute.

Appllees instituted this action against the district to recover.damages laid in the aggregate sum of $3,500

and specified as being the sum of $3,000, the value of five acres taken and used by the district, and the further sum of $500 for damages to the remainder of the land. Appellants (said district and its commissioners), in addition to denials of the allegations of the complaint with respect to the extent of the injury and amount of damages recoverable, pleaded that "the benefits received by said land, local and peculiar to the same over and above the benefit which said tract receives in common with the other lands in Newport Levee District greatly exceeds the value of the land taken by said district for the right-of-way of its levee over the lands of the plaintiffs."

The cause was tried before a jury on conflicting testimony in regard to the value of the land taken and the injury or benefit to the remaining land not taken, and the jury returned a verdict in favor of appellees, fixing the damages at the aggregate sum of $1,500, without apportioning the same between the items of damages charged in the complaint.

The court in one of its instructions told the jury, over the objections of appellants, that, in ascertaining the amount of damages for taking the land, the jury "should not take into consideration any benefits which may accrue by the building of the levee to the remainder of the original tract." An exception was saved to this ruling of the court, and the only question presented on this appeal is whether or not the court erred in holding that appellees' right of recovery for the value of the lands taken and used by the district in the construction of the levee could not be reduced by the benefits accruing to the remainder of the tract.

The only provision in the Constitution of this State in which it is attempted to regulate or restrict the right of eminent domain for public purposes is in section 22, article 2 of the Constitution of 1874, which declares that "private property shall not be taken, appropriated or damaged for public use without just compensation therefor." The inquiry which, therefore, must always arise in the interpretation of a statute authorizing the taking of

property or in any proceeding to recover compensation therefor is: What is "just compensation" under the given state of facts? Counsel for appellants contend that decisions of this court in *Cribbs* v. *Benedict,* 64 Ark. 555, and *Paragould* v. *Milner,* 114 Ark. 334, have established the rule of "just compensation" in cases similar to this to be that "where the public use for which a portion of a man's land is taken so enhances the value of the remainder as to make it of greater value than the whole was before the taking, the owner in such case has received just compensation in benefits." Such is undoubtedly the rule established by the great weight of authority in cases where property taken for general public use and compensation is to be awarded at the expense of the public. Many cases on that subject are referred to in *Cribbs* v. *Benedict, supra,* and there are many other cases to the same effect decided before that time and since.

The rule has been generally applied in instances of the taking of land for use as a public highway or park or such other public use where the compensation is to be awarded out of public funds. The case of *Paragould* v. *Milner, supra,* is an instance of that character, and we have no doubt as to the correctness of that rule as applied to the facts of such a case. *Cribbs* v. *Benedict, supra,* was, however, a case where there was involved an improvement district formed under general statutes for the purpose of constructing a drainage ditch, and we announced the same rule in that case. The question of damages was not, however, involved in that case further than to determine whether or not the statute which failed to provide for the payment of damages was valid, and this rule was merely stated as one of the reasons for holding the statute to be valid without providing for the payment of compensation other than impliedly by the benefits which would accrue from the construction of the improvement. This was stated only as one of the reasons why the statute was valid, and the decision was

undoubtedly correct, even though we conclude that this particular reason for so holding was unsound.

We have reached the conclusion that that rule should not be applied in measuring the compensation to be paid to a property owner whose land is taken for the construction of a local improvement so as to reduce the amount to be recovered to the extent of the benefits accruing to the other lands in the district which are specially taxed for the purpose of paying for the improvement.

It is found, on examination, that all of the cases cited in *Cribbs* v. *Benedict, supra,* are those which relate to payment of compensation for property taken for public use where the question of special benefits arising from a purely local improvement to be paid for by special assessments did not arise. In a few cases like the present one, the authorities are to the contrary. It is readily seen that the application of this rule to the payment of compensation for property taken by an improvement district constitutes a double charge for the benefits accruing to the remainder of an owner's land where a part has been taken for the construction of the improvement. The benefit to the remaining portion of the land is paid for by the owner in special assessments levied to defray the cost of the improvement, and, if the owner is compelled to credit the amount of these benefits on the compensation to which he is entitled for that portion of his land which is taken, the effect is to charge him twice for the same benefits. In other words, he will be paying for the benefits by the assessments which are levied against his property and also the second time when he credits them on the compensation which is due him for his property which is taken.

Page & Jones, in their work on Taxation by Assessment (vol. 1, section 67), states the rule as follows:

"Whatever method of exacting compensation from the property owner for benefits inuring to him is adopted, the property owner can not be charged twice for the same benefit. * * * So if, under the local statute, cer-

tain benefits may be made the basis of a local assessment against the property, such benefits can not be set off against damages, as the property owner can subsequently be compelled to pay therefor in such assessment proceedings.''

This rule was announced by the Supreme Judicial Court of Massachusetts in the case of *Garvey v. Inhabitants of Revere,* 187 Mass. 545, though that court has steadily adhered to the general rule hereinbefore stated that compensation may be made for property taken for public use in the benefits to accrue to the remainder of the property of the same owner. This doctrine was also announced by Judge Mitchell with much force in the case of *State* v. *District Court,* 66 Minn. 161. In that case the court dealt with a statute, one section of which authorized the appraisal of damages for property taken for use in providing a local improvement and another section which provided for the assessment of such special benefits which was to form the basis of taxes levied to defray the cost of the improvement. The Minnesota court had, in other decisions, announced the general rule as hereinbefore recited with reference to the reduction of damages by compensation in benefits, and reiterated that rule in the case just cited, but held that the rule had no application to an instance where the cost of the improvement for which the land was taken was to be defrayed by the imposition of taxes based upon special benefits. The court said: ''But counsel's contention is that where, as under this statute, the cost of the acquisition of the land is to be defrayed by special assessments upon the property specially benefited thereby, a deduction of special benefits to the remainder of the tract from the value of the part taken is unconstitutional, for the reason that this remainder is subject to assessment, to the extent of these same special benefits, to defray this same cost, which would result either in the owner being taxed twice for the same improvement, or else in depriving him of his property without just compensation. It is very clear that, if the statute will accomplish this

result, it, or some part of it, is unconstitutional and void. We need not stop to inquire what are benefits 'resulting from such taking,' which are to be deducted in the condemnation proceedings, whether they are only those resulting from the mere taking of the land by the city, disassociated from the appropriation and improvement for the purpose for which it is taken, or whether they also include those that will result from such appropriation and improvement, although it is very difficult to conceive what benefits can result to the residue of a tract from the mere act of taking a part of it. But it is very evident from the language of section 8 that the benefits for which assessments are there required include the same benefits which are required to be deducted by section 7. Moreover, the language of section 8 is mandatory, and not merely permissive. It not only requires such assessments to be made, but also that they shall be made on all property benefited. Hence, if all the provisions of both sections are carried into effect, the result will be either that the landowner will be deprived of his property without just compensation, or else he will be taxed unequally, by being compelled to pay twice for the same thing.''

It is true that in that case the court held that the two sections were in conflict, and that the last one, which provided for taxation upon the whole of the benefits without taking into consideration the damages, was void. We have no such question as that in the present case, but the decision of the Minnesota court is persuasive to the extent that it lays down the principle that it would constitute a double charge against the property owner to make him contribute out of benefits received to the cost of improvement by paying assessments, and also by compelling him to credit the benefits which accrue from the improvement on the compensation to which he is entitled for damages on account of other portions of his land being taken.

The theory upon which rests the proceedings for the construction of local improvements by the imposition of

special assessments on contiguous property is that the improvement is public in its nature to the extent that the right of eminent domain may be authorized, but it is local to the extent that special benefits accrue to the adjoining property. The improvement is paid for out of special assessments based on such benefits, and when property is taken for use in the construction of the improvement full compensation must be awarded in order to satisfy the requirements of the Constitution without deduction of the benefits which are to accrue to the owner on the remainder of his property. Damages to the property not taken may, however, be balanced off against the benefits which accrue, for damages must necessarily be taken into account in the estimate of benefits. There are authorities to the effect that, if the benefits to the remaining property exceed the damages to the property taken, such benefits may be used in the reduction of the damages, and the excessive benefits over damages may be the basis of a local assessment. And it has been held that it is proper "to deduct the amount of the special tax levied for a given improvement from the amount of the benefits received from such improvement, and to treat the amount thus obtained as the net amount of benefits to be deducted from the amount of damages." 1 Hamilton on Taxation by Assessment, section 67; *Carroll* v. *City of Marshall,* 99 Mo. App. 464; *Village of Grant Park* v. *Trah,* 218 Ill. 516. There is no question, however, in the facts of the present case as to whether the benefits will exceed the amount of taxes assessed against them. It does not appear even that the jury awarded any damages for injury to the remainder of the property not taken, though they may have done so under the testimony and instructions of the court. No point is raised that the benefits exceeded the taxes levied and should be, to that extent, credited on the compensation to be allowed for the damages to the property taken. At any rate we are convinced that the true rule is that, whether the taxes levied amount to the appraised benefits or not, there can be no deduction of any part of the bene-

fits from the compensation to be allowed to a property owner for that portion of his property which is taken and used in the construction of the improvement, for the reason that he pays for his benefits in taxes, the same as other property owners, and it would destroy the rule of equality to require him to contribute to the common use any part of his property without compensation.

There was no error committed, and the judgment should be affirmed. It is so ordered.