DRIVER *v.* ROAD IMPROVEMENT DISTRICT No. 1.

Opinion delivered December 6, 1926.

EMINENT DOMAIN—COMPENSATION—ENHANCEMENT IN VALUE.—The
general rule that, where the public use for which a man's land is
taken so enhances the value of the remainder as to make it of
greater value than the whole was before the taking, the owner
has received compensation, has no application to a taking by a
road improvement district, for the reason that he pays for his
benefits in taxes, the same as other property owners.

Appeal from Mississippi Circuit Court, Osceola Dis-
trict; *G. E. Keck,* Judge; reversed.

*E. S. Driver* and *J. T. Coston,* for appellant.

*Harrison, Smith & Taylor,* for appellee.

HUMPHREYS, J.    This suit originated in the county
court of Mississippi County, under § 4 of act 380 of
the Acts of 1919 of the General Assembly of Arkansas,
creating Road Improvement District No. 1 in said county.
The section referred to is as follows:

"Should the board of directors find it necessary or
desirable to change the location of the road described in
§ 2 of this act, or to widen the right-of-way of said
road, they shall file a petition, signed by a majority of
the members of said board, with the clerk of the county
court of Mississippi County, describing the nature of the
alteration or change, the point of beginning and terminus
of said change, the width and description of any prop-
erty that may be taken or damaged by reason of said
change. Said court shall cause an order to be entered of

record in accordance with its findings, and establish said record, if it deems best, and any landowner aggrieved may present his claim for damages to the county court, and any such claim not presented within twelve months shall be barred. All damages so awarded shall be paid by said road district. The said directors shall have the right to open such road so established.''

The road designated in § 2 of said act, to be improved, extended from the Missouri State line through the town of Osceola, in Mississippi County, to the Crittenden County line. The original route through Osceola passed down Pecan Street, one block east of the Frisco Railroad to Keiser Avenue, thence west across the railroad tracks and along the south boundary line of a twenty-six acre tract of land belonging to appellant, situated in the southwest corner of the corporate limits of Osceola, thence continuing on west. The road was to be constructed out of concrete, with a warrenite surface. The road was constructed in accordance with the plans along the south side of the twenty-six acre tract in question. After constructing the road to this point, the route through Osceola was changed so as to run down Walnut Street, through said twenty-six acre tract, one and a-half blocks west of the Frisco Railroad, taking 1.93 acres. The effect of the change was to make a spur out of the original road constructed along the south side of said tract. The new route and the original route were two and one-half blocks apart, and were so close together that a new assessment of benefits was not assessed against the property in the district on account of the change in route. The plans for changing the road were filed with the board of directors in February, 1924. Appellant filed her petition or claim for damages under § 4 of said act, on March 2, 1925, for the value of the strip of land occupied by the new road resulting from the change in the route.

On the trial of the cause in the county court, appellant was awarded damages in the sum of $800, from which award both parties appealed to the circuit court of Mississippi County, Osceola District, where the case was

tried *de novo,* resulting in a judgment of $300 against appellee, from which is this appeal.

. The case was tried in the circuit court upon conflicting testimony as to the value of the strip of land actually taken for the new road out of the twenty-six acre tract, less the enhanced value to the balance of the tract on account of the construction of the concrete road with warrenite surface through it.

During the trial of the cause the court excluded testimony offered by appellant, over her objection and exception, to the effect that special benefits in the sum of $1,610 had been assessed and levied as a tax against said twenty-six acre tract on account of the construction of the proposed improvements. The testimony was excluded upon the theory that the market value of the strip of land taken should be offset by the enhanced value of the balance of the tract by reason of the construction of the road.

The trial court instructed the jury, over the objection and exception of appellant, as follows: "You are instructed that your verdict in this case will be for the plaintiff for the market value of the land taken by the defendant at the time same was taken, less any sum you may find from the evidence the rest of the land has been enhanced in value, if you find it has been enhanced in value, by the construction of this road through that land."

Appellant contends for a reversal of the judgment on account of the exclusion of said testimony and the declaration of law announced by the court as to the measure of damages. In excluding the evidence and formulating the rule for the measure of damages, the trial court was governed by the rule announced in the case of *Cribbs* v. *Benedict,* 64 Ark. 555, 44 S. W. 707, and reaffirmed in the case of *Paragould* v. *Milner,* 114 Ark. 334, 170 S. W. 78, to the effect that "where the public use for which a portion of a man's land is taken so enhances the value of the remainder as to make it of greater value than the

whole was before the taking, the owner in such case has received just compensation in benefits.''

The rule announced in those cases is not applicable in the instant case. The twenty-six acre tract out of which the strip of land was appropriated 'by the district to make the change in route was assessed according to the benefits it would receive from the improvements, to help pay for same. If the benefits accruing to the tract of land on account of the construction of the improvements should be deducted from the market value of the strip actually taken, in arriving at appellant's damage, he would be compelled to pay twice for the benefits—once in taxes and once in land.

The instant case is governed by the rule announced in the case of *Gregg* v. *Sanders,* 149 Ark. 15, 231 S. W. 190, to the effect that ''there can be no deduction of any part of the damages from the compensation to be allowed to a property owner for that portion of his property which is taken and used in the construction of the improvement, for the reason that he pays for his benefit in taxes, the same as other property owners, and it would destroy the rule of equality to require him to contribute to the common use any part of his property without compensation.'' The eminent domain portions of our Constitution guarantee just compensation to the owner of private property taken for public use. Article 2, § 22, of the Constitution of Arkansas of 1874.

On account of the erroneous classification of this case the judgment is reversed, and the cause is remanded for a new trial.