706

4-9095                                    227 S. W. 2d 140

Opinion delivered February 20, 1950.

Rehearing denied March 20, 1950.

*Phil Herget* and *Kirsch & Cathey,* for appellant.

*Charles Frierson* and *L. V. Rhine,* for appellee.

George Rose Smith, J.   This is an action brought by the appellee to condemn a right-of-way for a levee to be built by the federal government. The district proposes to take 28.92 acres of the appellant's land. Three appraisers, appointed under Ark. Stats. 1947, § 35-1102, filed their report allowing the appellant a total of $5,669.20 as the value of the land taken and as damages to his remaining lands. Both the district and the appellant excepted to the appraisers' award. As required by the statute, § 35-1103, the case was then tried before a jury, which fixed the amount due appellant at $2,000. The appellant assigns several errors which he thinks led to his receiving an inadequate sum for his land and damages.

The proposed levee is part of a comprehensive plan to provide protection against the overflow of the St. Francis River. The appellant's land is now protected

by a levee previously built by the appellee along the river. It has been determined, however, that this levee is too close to the river; the new levee will be set back at some points for several miles. This levee will cross the appellant's land and will leave the greater part of it on the river side of the levee.

In spite of the fact that most of the appellant's land will not be protected from the river by the new levee, the district contended below that the levee will benefit these lands. The district's proof tended to show that in the past the appellant's land has usually been flooded not by the St. Francis itself but by two tributary streams that pass in the vicinity of the appellant's property on their course to the river. The new levee, together with a wide drainage ditch on its land side, will divert these streams before they reach the appellant's property and thus eliminate the principal source of past inundations.

In accordance with the district's theory of the case the trial court instructed the jury to deduct from the appellant's damages any benefits that might result from the construction of the new levee. This instruction was erroneous. When an improvement district takes part of a tract, any benefits that accrue to the remainder will eventually be paid for in the form of special assessments. If these same benefits are also deducted from the compensation to be paid for the land taken or damaged, the landowner is forced to pay twice for the benefits received. Consequently we have uniformly held that benefits cannot be offset against damages in improvement district cases. *Gregg* v. *Sanders,* 149 Ark. 15, 231 S. W. 190, 17 A. L. R. 59; *Miller Levee Dist. No. 2* v. *Dale,* 172 Ark. 942, 290 S. W. 948.

It is immaterial that in this case the government will pay the cost of constructing the levee. If the government were bearing the entire cost of the project, there might be merit in the suggestion that special benefits should be deducted. But the district must furnish the right-of-way and must maintain the levee when completed. The district can meet these obligations only by levying assessments against lands benefited by the im-

provement. As it would be speculation to attempt to isolate the benefits resulting from the right-of-way and from maintenance, as distinguished from those accruing from construction alone, we think the general rule in improvement district cases, forbidding the offset of benefits against damages, must be applied in this case.

A second contention relates to damages for the obstruction of appellant's natural drainage. Heretofore in times of flood the water on appellant's property has drained into a slough crossing his land. It is contended that the new levee will obstruct this slough and cause water to collect and remain on the land. Estimates differ as to the extent to which a drainage ditch will alleviate this condition. The trial court instructed the jury, in the language of the statute, that damages might be awarded for the obstruction of natural drainage, "not to exceed the cost of artificial drainage." Ark. Stats., § 35-1103. The appellant questions the constitutionality of this clause of the statute.

The validity of this clause was termed doubtful by Horace Sloan in his work on Improvement Districts in Arkansas, § 602. Our Constitution, Art. 2, § 22, provides that private property shall not be taken or damaged for public use without just compensation. We have recognized that just compensation must be a full and fair equivalent for the loss sustained. *Cribbs* v. *Benedict,* 64 Ark. 555, 44 S. W. 707. In some instances artificial drainage might be equally as good as, or even superior to, natural drainage; but in others it might not be practical to provide an artificial system that would be equally as effective as natural drainage. In the latter case an award equal to the cost of inferior artificial drainage could not be considered as just compensation for the injury caused by the obstruction of natural drainage. At the trial below the appellant testified that artificial drainage would not be as satisfactory as natural drainage and that any system of artificial drainage would be dependent upon his obtaining permission to dig a drainage ditch across his neighbor's land.

Further, the statute does not allow any consideration of the cost of maintaining an artificial system, for a later section provides for a recovery "not to exceed the cost of constructing artificial drainage." § 35-1108. No doubt in some cases the cost of artificial drainage might represent just compensation to the landowner, and in such a situation the jury could base its verdict upon that cost, even without the statutory language in question. But in other cases—including the present one if the jury credits the appellant's testimony—a verdict limited to the cost of constructing artificial drainage would not provide the compensation that the Constitution requires. We accordingly hold that this clause of the statute is unconstitutional.

Other errors are assigned, but we think the trial court's decision upon each of the other points was correct. We therefore omit a discussion of these questions.

Reversed.