988

## ARKANSAS STATE HIGHWAY COMMISSION *v.* CONWAY DEVELOPMENT CORPORATION

5-4567                                    428 S. W. 2d 291

Opinion delivered May 27, 1968

*Thomas B. Keys, Philip Gowen* and *Virginia Tackett,* for appellant.

*Guy H. Jones* and *Clark, Clark & Clark,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee is a non-

profit corporation organized to attract industry to Faulkner county. It owns two adjoining tracts of land, Tract A containing 178 acres and Tract B 140 acres. This suit was brought by the Highway Commission to condemn 15.81 acres in Tract B as a right-of-way for Interstate Highway 40. The jury fixed the value of the land at $20,000. The principal issue here is whether the court correctly allowed the jury to treat the land as two separate tracts in determining the benefits and damages resulting from the proposed improvement.

Tract A, roughly in the shape of a square, is bounded on the west by U. S. Highway 65. Tract B is an L-shaped tract lying immediately northeast of Tract A. Tract B abuts Tract A on the north for about three fourths of Tract A's northern boundary and on the east for about one half of Tract A's eastern boundary. Interstate 40, running north and south, will cross the eastern side of Tract B, the right-of-way being the strip involved in this case. Continuing southward, Interstate 40 will pass to the east of Tract A. The Brumley interchange will lie just east of Tract A and just south of Tract B. That interchange will provide a connection with U. S. Highway 65 to the west by means of State Highway 286, which will cross the southern part of Tract A.

The remaining essential background facts are best stated in chronological sequence.

February, 1962. Tract A purchased by Conway Development Corporation.

January 31, 1963. CDC sent a letter to the Highway Department, (A) asking that the proposed Brumley interchange be relocated at a point just east of Tract A and (B) offering to facilitate that relocation by providing without cost to the Highway Department a right-of-way across the southern part of Tract A for Highway 286.

February 14, 1963. The Highway Department informed CDC by letter that it was recommending to the Federal Bureau of Public Roads that the suggested relocation of the interchange be put into effect. (That recommendation was eventually approved and the interchange relocated.)

June 19, 1963. CDC took an option to buy Tract B from its owner for $800 an acre.

December, 1963. CDC dedicated and platted Tract A as Conway Industrial Park.

April 3, 1965. CDC conveyed to the Highway Department 11.33 acres of the Industrial Park as a right-of-way for Highway 286, as previously suggested.

June 19, 1965. CDC exercised its option, to buy Tract B for $800 an acre.

July 15, 1966. This suit to condemn a right-of-way across Tract B was filed by the Highway Commission.

At the trial counsel for the Highway Commission insisted that Tract A and Tract B should be treated as a unit, so that the benefits accruing to Tract A from the construction of Interstate 40 could be offset by the jury against the compensation to be paid by the Commission for the right-of-way across Tract B. That contention is renewed in this court.

Upon the particular facts of this case the court was right in allowing the jury to consider the two tracts as separate parcels. It will be remembered that before CDC even had an option to buy Tract B it offered to provide the Highway Department with a free right-of-way across Tract A for Highway 286 in return for the Department's relocation of the Brumley interchange at

a point where it would benefit industries eventually occupying Tract A. That offer was accepted. Thus the parties in effect made an agreement by which CDC received the benefit of convenient access to Interstate 40, a controlled access facility, in return for the conveyance of 11.33 acres of Tract A for use as a right-of-way for Highway 286. The jury were certainly entitled to treat that exchange of benefits as a closed transaction by which CDC had paid the Highway Department in full for whatever enhancement in value might accrue to Tract A as a result of the construction of Interstate 40 and its Brumley interchange.

There are controlling differences between the situation in this case and that considered in *Arkansas State Highway Commn.* v. *Dean*, 244 Ark. 405, 425 S. W. 2d 306 (1968). In the *Dean* case the owners of a tract of land, at a time when they knew with reasonable certainty where the proposed highway would be located, bought an adjoining tract and then contended that the two parcels should be treated as a unit for the purpose of increasing their severance damages. We rejected that contention.

There is no parallel between that case and this one. Here the benefits accruing to Tract A from the construction of the highway would have been received by CDC whether or not it owned Tract B. Likewise the Highway Department would be required to pay exactly the same amount for the right-of-way across Tract B whether it was owned by CDC or by CDC's predecessor in title. Thus to sustain the Highway Department's present contention would unjustly enrich the Department by making CDC pay twice for the benefits accruing to Tract A—once by the conveyance of the Highway 286 right-of-way and a second time by the offset of those benefits against the compensation for the right-of-way being taken in Tract B. (The appellant is not in a position to argue that the jury may just possibly have awarded damages for the severance of the eastern edge

of Tract B from Tract A, because the appellant made no objection to the only instruction that could be construed to submit such an issue to the jury.)

On the day of trial counsel for the Department filed motions to quash the jury panel and to disqualify Judge Roberts on the ground that he had a direct pecuniary interest in this case for the reason that there was pending in the same court a suit by the Highway Department to condemn land owned by Judge Roberts. A similar contention was rejected, for want of proof, in the *Dean* case, *supra*, and in *Arkansas State Highway Commn.* v. *Lewis,* 243 Ark. 943, 422 S. W. 2d 866 (1968).

Here again the proof is deficient. In fact, counsel for the condemnor declined to offer proof in support of their motions. The burden was on the movant to establish the facts indicating Judge Roberts's disqualification. *Bass* v. *Minich,* 194 Ark. 589, 109 S. W. 2d 139 (1937). There are no such facts in the record. Indeed, we are at a loss to see how the mere pendency of a condemnation action against Judge Roberts could give him a "direct pecuniary interest" in the case at bar. Of course the judge would be disqualified in his own case, but we have not been shown how that disqualification extends to other cases. To set aside the present verdict and judgment, upon some speculative assumption wholly unsupported by proof, would be a gross injustice to the appellee.

Affirmed.