ARKANSAS POWER & LIGHT CO. *v.* EDWARD M. FURLONG ET AL

5-5530                                     466 S. W. 2d 476

Opinion delivered May 10, 1971

*House, Holmes & Jewell,* for appellant.

*Botts & Jenkins,* for appellee.

LYLE BROWN, Justice. For the purpose of erecting an electrical substation and distribution line appellant, by eminent domain proceeding, took slightly less than two acres out of a corner of appellees' farm. The jury fixed just compensation at $4,500. Appellant contends there

was no competent and substantial evidence to support the verdict.

The only witness for the landowners who placed a monetary value on the lands taken was John Gunnell. He has been circuit clerk since 1938 and as such is the ex-officio recorder of deeds and mortgages. He said he had a general knowledge of land sales throughout the county by virtue of the deeds coming through his office. As ex-officio commissioner in chancery he said he had sold considerable real estate at public sale and "I have bought and sold a little myself." Then in 1967 Gunnell became a licensed realtor. Operating under that license he has since sold a few parcels of property.

Gunnell fell short of being qualified to testify as a value witness in this case because of his unfamiliarity with the land taken. He had never been on the subject lands. He had not made a study to determine the highest and best use of the property taken. He was not aware that appellant power company had in years past purchased a right-of-way across the two-acre tract under consideration. That easement was one hundred feet in width and extended the entire length of the tract. A high voltage transmission line running into DeWitt is erected thereon. When that fact was revealed to the witness he had this to say about value:

Q. Mr. Gunnell, you are saying it is worth thirty six hundred dollars with nothing on it?

A. Yes, sir.

Q. Now I am asking what would it be worth with something on it.

A. With what on it.

Q. Arkansas Power and Light Company's right-of-way a hundred feet wide across it?

A. I don't know.

Following the recited testimony the witness was again taken on direct examination and he changed his approach to market value. He said he would deduct from his previously stated just compensation the cost of the right-of-way, which was $1,500. He insisted that "some type of industry" could be placed on the lands taken and the right-of-way could be used as a parking lot.

For the reason discussed—witness's unfamiliarity with the land—we agree with appellant that his value testimony was insubstantial. Whether his evidence was substantial was not a question of fact but one of law. *Arkansas State Highway Comm'n. v. Byers,* 221 Ark. 845, 256 S. W. 2d 738 (1953). Gunnell testified to a conclusion based on a cursory look at the property in driving by it. See *Arkansas State Highway Comm'n. v. Ptak,* 236 Ark. 105, 364 S. W. 2d 794 (1963).

Appellant says the only competent testimony on just compensation was that of their witness, William A. Payne. We are asked to adopt his figure of $1,200 and enter judgment accordingly. That we cannot do. Payne used the before and after value which involved the Furlong tract of 240 acres. Since no damages to the remainder were claimed the "value of the part taken" rule was the appropriate rule to follow. *Arkansas Louisiana Gas Co. v. Burkley,* 242 Ark. 662, 416 S. W. 2d 263 (1967); *Lazenby v. Arkansas State Highway Comm'n.,* 231 Ark. 601, 331 S. W. 2d 705 (1960).

Reversed and remanded for new trial.