ARKANSAS STATE HIGHWAY COMM'N *v.*
HENRY WELTER ET AL

5-5590                                                471 S.W. 2d 541

Opinion delivered October 18, 1971

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Gordon, Gordon & Eddy,* for appellees.

CONLEY BYRD, Justice. On the first appeal of this case, *Arkansas State Highway Commission v. Welter,* 247 Ark. 23, 444 S. W. 2d 65 (1965), we reversed a

$23,000 verdict because all the landowners' witnesses had compared the values of the lots in the landowner's paper subdivision to the sales of lots in fully developed subdivisions containing curbs, gutters and all utilities. After the date of our mandate, the landowners consummated a $50,000 sale of a one acre tract to Franks Oil Company. At the commencement of the present trial, the landowners waived all rights to severance damages. The trial court then instructed counsel for the Highway Department that the sole issue was just compensation for the parcel actually taken and that he could not refer to the fact that the landowners owned any adjacent or contiguous lands to the lands condemned or that the lands were enhanced in value as result of the highway construction. The jury returned a verdict for $6,000. The Highway Department appeal contends that the trial court erred in refusing to allow it to introduce evidence of the before and after market value of the property in litigation and also that the trial court erred in refusing to strike the testimony of appellees' value witnesses.

As far as the record here shows, the landowners, for some 9 or 10 years, had on record a paper plat of the lands involved. Welter readily admitted that they have neither installed utilities, constructed streets nor sold any lots. Thus for practical purposes their so-called subdivision is nothing more than a paper plat or, as sometimes called in the real estate trade, a "paper tiger".

There is a diversity of opinion among the several jurisdictions of the United States on the issue presented here. See 27 Am. Jur. 2d *Eminent Domain* § 357. However, our court has consistently ruled that where the public use for which a portion of a man's land is taken so enhances the value of the remainder as to make it of greater value than the whole was before the taking, the owner in such case has received just compensation in benefits under our constitution. See *Cribbs* v. *Benedict,* 64 Ark. 555, 44 S. W. 707 (1897); *Weidemeyer* v. *Little Rock,* 157 Ark. 5, 247 S. W. 62 (1923), and *Gregg* v. *Sanders,* 149 Ark. 15, 231 S. W. 190 (1921). The federal decisions are in accord, see *Bauman* v. *Ross,* 167

U. S. 548, 17 S. Ct. 966, 42 L. ed. 270 (1896) and *McCoy* v. *Untion Elevated Railroad Co.*, 247 U. S. 354, 38 S. Ct. 504, 62 L. ed. 1156 (1917). Of course the benefits to be set off are those which are local, peculiar and special to the owner's land, who has been required to yield a portion *pro bona publico, Weidemeyer* v. *Little Rock, supra.* It follows that under the foregoing authority, the trial court on the record before us erred in limiting the issues and excluding evidence of special benefits.

While the other issue, because of the foregoing ruling, may not arise in the same context on a new trial, we point out that the trial court did not err in refusing to strike the testimony of the landowners' witnesses. In this trial the landowners' witnesses properly limited their comparable sales for purposes of establishing value to sales of parcels in undeveloped subdivisions.

Reversed and remanded.

BROWN AND FOGLEMAN, JJ., concur.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the result, but the real issues on this appeal do not seem to have been fully covered in the majority opinion. As a result, this case appears to be in conflict with our decision in *Arkansas Power & Light Company* v. *Furlong,* 250 Ark. 617, 466 S. W. 2d 476.

In this case appellees successfully moved for exclusion of evidence of benefits to land owned by them by the simple expedient of waiving their right to recover severance damages. The court directed, upon appellees' motion, that all testimony be restricted to the value of the land taken. While our cases contain language that might be taken to approve such a procedure, I do not believe that to be their actual effect.

Some of them are cases wherein eminent domain was exercised by public utilities. See, e. g., *Arkansas Power & Light Company* v. *Furlong,* supra; *Arkansas Louisiana Gas Company* v. *Burkley,* 242 Ark. 662, 416

S. W. 2d 263. These cases are not particularly persuasive because the corporations condemning were constitutionally barred from offsetting benefits. Article 12, § 9, Constitution of Arkansas. Another did not really settle the question here involved. *Lazenby* v. *Arkansas State Highway Commission,* 231 Ark. 601, 331 S. W. 2d 705. While its language appears to support appellees' position, the question involved was whether the court properly directed a verdict against a landowner when her sole witness testified only as to the value of the land taken. The language seized upon to support the trial court's action is in the following paragraph:

> It appears to us that appellee, and perhaps the trial court, erroneously thought the proper way to fix the value of the condemned land was to show the market value of the entire tract of land before the taking and the market value of the remaining land after the taking. This rule would be correct if appellant was seeking severance damages to the remainder of the land because of having been divided by the right-of-way. It will be noted, however, that the witness did not attempt to establish this kind of damages but was only seeking to show the value of the land that was actually taken.

In evaluating this language it must be remembered that only one witness testified and that the verdict was directed without any testimony having been introduced on behalf of the condemnor. As we then pointed out, a directed verdict in favor of the condemnor for the value of the land taken could not be justified as representing the value of the land less benefits, because there was no evidence that the land was benefited, much less that benefits were peculiar to the land involved.

Although there is a conflict of authorities, we have clearly adopted the rule that special benefits peculiar to the tract involved may be set off against both severance damages and the value of the land actually taken. See Ark. Stat. Ann. § 76-521 (Repl. 1957); *Martin* v. *Raulston,* 239 Ark. 769, 394 S. W. 2d 133; *Washa* v. *Prairie*

*County,* 186 Ark. 530, 54 S. W. 2d 686; *Cullum* v.
*Van Buren County,* 223 Ark. 525, 267 S. W. 2d 14;
*Herndon* v. *Pulaski County,* 196 Ark. 284, 117 S. W. 2d
1051, cert. denied, 305 U. S. 642, 59 S. Ct. 148, 83
L. Ed. 414 (1938); *Peterson* v. *Garland County,* 188 Ark.
1167, 65 S. W. 2d 18; *City of Paragould* v. *Miller,* 114
Ark. 334, 170 S. W. 78. Since appellant had a right to
have benefits to the remainder of the tract involved set
off against the value of the lands actually taken, the
mere waiver of severance damages by appellees did not
and could not prevent appellant from offering proof of
benefits.

But the problem goes deeper than this. Not every
local, special and peculiar benefit to any land owned
by the particular owner can be offset against the value
of the land taken plus damages to the remainder of the
particular tract involved.

The property was described in lots and blocks in
appellant's complaint. The total area taken amounted
to some 1.6 acres out of the undeveloped subdivision.
Appellant was attempting to proceed, however, upon
the theory that the subdivision constituted part of a
still larger tract owned by Welter and that the whole
tract consisting of 40 acres had been benefited by the
construction of the highway to such an extent that the
total value of the Welter property remaining was even
greater than the value of the entire tract before the
taking.

Appellees objected to appellant's proffer of evidence
of benefits made during the course of the trial on the
ground that appellant had failed to show that there was
any unity in the 40 acres selected by appellant out of
a total of 128 acres owned by Welter. The only reasons
given by the appellant's witnesses for doing this was
that this particular 40-acre tract happened to be the
only quarter-quarter section touched by the highway
and that it was conveyed to Welter by a single separate
conveyance. They gave no reason for not considering
the other contiguous lands of Welter as a part of the
total unit.

This proffer was hardly sufficient to meet one of the tests for admissibility of evidence of offsetting benefits, *i. e.*, that the benefits must relate to a unit of which the tract taken is a part. This requires unity of ownership and use. The unit to be considered must be determined either by the court or, in certain cases, by the jury. See *Arkansas State Highway Commission* v. *Arkansas Real Estate Company*, 251 Ark. 96, 471 S. W. 2d 340. Appellant's witnesses may have been observing this principle when they excluded from consideration an additional 88 contiguous acres owned by Welter.

The rules pertaining to offsetting benefits are the same as those pertaining to severance damages. The pertinent law is discussed in such a concise manner in 27 Am. Jur. 2d 220, § 365, that I take the liberty of quoting it largely, to-wit:

> In order for benefits to be deducted or set off, they must be such as relate to the particular property which has been damaged, or part of which has been taken for public use, as distinguished from other property.

> \*   \*   \*

> It is an established general principle that benefits to land owned by the condemnee other than that which is damaged, or a part of which is taken, for public use, cannot be taken into consideration in the deduction or setoff of benefits. A difficult question may arise, however, as to whether, for the purpose of setting off benefits, a piece of land allegedly benefited is, or is not, part of the particular tract which is damaged, or a portion of which is taken, for public use.[3] Whether two or more lots constitute a single plot for benefit purposes is said to depend on the improvements erected upon them, the nature and character of their use, and also, in some cases,

[3]The rules dealing with this question are primarily developed in cases concerning the proper measure of compensation and damages in eminent domain, irrespective of whether benefits are in issue. See §§ 315 et seq., supra. [Footnote reproduced from the text.]

on the ordinary use to which land in the vicinity is put. Unity of use, unity of title, and contiguity are held to be required to constitute a single tract for the offset of special benefits against severance damages. A piece of land allegedly benefited by a public improvement constitutes no part of the particular tract which is damaged, or a portion of which is taken, for public use, where the piece allegedly benefited is a distinct and separate parcel of land, independent, differently located, not connected with the land appropriated or damaged, or not a part of the same body of land. In some cases the deductibility of benefits has been denied where they accrued to land near, but not adjacent to, the piece of which part was taken for public use, even though it does not appear that the land allegedly benefited was separate and disconnected from that appropriated. On the other hand, a piece of land allegedly benefited by a public improvement is held to be part of the particular tract which is damaged, or a portion of which is taken, for public use, where the estate to which both parcels belong is an entire or continuous one and not several distinct lots and parcels, or where the entire property is used and treated by the owner as one tract, or used together for a common purpose, at least where the whole land lies in a contiguous body, or where the properties in question are adjoining.

It has been held that property adjacent to that which is damaged, or a part of which is appropriated, but abutting upon another street, or lots in the same tract, but abutting upon different streets and separated by an alley or street, are to be treated as separate lots for the purpose of the deduction of benefits in eminent domain. It has also been held that regularly platted unoccupied city lots are presumed, unless shown to the contrary, to be separate tracts for the purpose of determining damages and benefits. On the other hand, lots of the same owner situated upon opposite sides of the same highway have been treated as one tract of land for the offset

of benefits, although the contrary position has also been taken.

It has been held that irrespective of other considerations, benefits to a piece of land, though not contiguous to the property taken or damaged, can be deducted, where the owner's petition for the recovery of compensation or damages treats the property in question as a whole, and damages are asked for in a lump sum.

While the condemnee is generally protected against a deduction of benefits which accrue to property other than that which is damaged, or a part of which is taken for public use, it should be noted that the condemnor also is protected, in that it is entitled to have the deduction based upon the benefits accruing to the whole tract or lot, not merely those accruing to a part thereof. Such protection is assured by the rule that, in assessing compensation for the taking or damaging of property for public use, a partial effect only is not to be considered, but the whole effect, and the effect, not upon a selected part of the tract, but upon the whole tract. Therefore, damages cannot be estimated separately to a limited portion of the land not taken, without balancing special benefits and damages in connection with the whole tract not taken.

The applicable principle is expressed by the text writer in § 183, Eminent Domain, 29A C. J. S. 790, as follows:

Benefits are referable to the same tract of land as is considered in determining damages; subject to this restriction, they are referable to the tract as a whole, except where the value of only a portion of the tract is affected by the taking, in which case the remainder of the tract may be disregarded in assessing benefits.

An authority frequently resorted to by this court has this to say:

The situation above described is to be distinguished from the case where an owner, part of whose property has been taken or damaged, is also the owner of a contiguous but separate and distinct parcel which, although not taken or damaged, is enhanced in value by the improvement. It has been held that the benefit to such separate tract may not be set off against the compensation for the taking of and damage to the first parcel unless such separate parcels are in fact utilized by the owner as a unit so that they may be regarded as one parcel for the purpose of determining benefits. If, as a matter of fact, however, such parcels are not actually used as a unit, but simply have such future possibilities, they may not be so considered.

3 Nichols on Eminent Domain, Third Edition, § 8.6210 [1].

The same thought is expressed by the annotator in "Eminent Domain: Deduction of Benefits in Determining Compensation or Damages in Proceeding Involving Opening, Widening, or Otherwise Altering Highway," 13 A. L. R. 3d 1149 (1967) at 1212, viz:

In conformity with the general principles governing the assessment of damages as between separate tracts of land in eminent domain proceedings;[1] benefits accruing to one tract of land may not be deducted from damages to another in the absence of evidence of such unity of ownership and use as will justify treating the two tracts as one.

See also, Annot. 145 A. L. R. 7, 116, et seq. (1943); *Arkansas State Highway Commission* v. *Conway Development Corp.*, 244 Ark. 988, 428 S. W. 2d 291.

There have already been two trials in this case, and our action today will result in a third one. It is obvious

[1]See 95 ALR 2d 887 dealing with the unity of ownership necessary to allowance of severance damages in eminent domain. No exhaustive treatment of the question whether supposedly separate tracts may be treated as one for eminent domain purposes is here intended. [Footnote reproduced from the text.]

that the question treated in my separate opinion will arise on retrial. As I see it, it is clearly our duty to treat the question in an effort to avoid the possibility of a fourth trial.

I am authorized to state that Mr. Justice Brown joins in this concurrence.