C.W. "Salty" MORTON *v.* The BENTON PUBLISHING COMPANY, INC., d/b/a The Benton Courier, et al.

86-195                                             727 S.W.2d 824

Supreme Court of Arkansas
Opinion delivered April 13, 1987

*Morris W. Thompson*, for appellant.

*Baxter, Eisele, Duncan & Jensen*, for appellee.

STEELE HAYS, Justice. Some weeks after C. W. "Salty" Morton (appellant) had publicly announced his candidacy for Sheriff of Saline County, The Benton Courier (appellee) published an article by Lee Brockway (appellee) in its February 26, 1986 issue stating that Morton had been arrested in 1980 by the Little Rock Police and charged with theft by receiving, a felony. According to the article Morton later changed his plea to guilty to a reduced charge of fraudulent use of a credit card and was sentenced to one year's probation. A year later the charge was dismissed and the record expunged. The article added that Morton was known by the alias Charles W. Martin, III. The following day the newspaper published an editorial entitled "Time to Get Out," restating some of the same assertions and declaring that Morton should withdraw from the sheriff's race because of his background.

Morton filed a defamation suit against The Benton Publishing Company, Inc., doing business as The Benton Courier, and against reporter Lee Brockway and managing editor Dennis Byrd, seeking damages of $3,500,000. The defendants asserted the truth of the article as an absolute defense, "editorial privilege," that the plaintiff was a public figure by reason of his announced candidacy and the absence of actual malice. The defendants filed motions for summary judgment with supporting affidavits, which Morton controverted. Morton also filed a motion asking Circuit Judge John Cole to recuse because of relational ties to Carole Cole Hodges, wife of S.M. Hodges, owner and publisher of the Benton Publishing Co., Inc., d/b/a The Benton Courier. The motion alleges that Mrs. Hodges is the daughter of James C. Cole, the uncle of Judge Cole. Judge Cole denied the motion to recuse and granted the motion for summary judgment.

Morton has appealed on two points: there were genuine issues of material fact to be decided and the motion to recuse should have been granted.

We do not reach the propriety of granting summary judgment because we are decidedly of the view that Judge Cole should have recused. He acknowledged for the record that he and Mrs. Hodges were first cousins but not particularly close, that he saw her as much as twice a year, "probably less than that" for the past several years. However, when the relationship is within the proscribed limits, neither the frequency of contact nor the closeness of the individuals bears on the result. Our law is clear and makes no allowance for exception.

Art. 7, § 20 of our Constitution (1874) reads in part:

> No judge or justice shall preside in the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by consanguinity or affinity, within such degree as may be prescribed by law. . . .

Ark. Stat. Ann. § 22-113 (Repl. 1962) reads:

> No judge of the circuit court, justice of the county court, judge of the court of probate or justice of the peace, shall sit on the determination of any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity . . . . . .

The same language set forth in the foregoing constitutional and statutory provisions was construed by this court as early as 1852. See *Kelly* v. *Neely*, 12 Ark. 657 (1852). In *Kelly*, Judge Beaufort H. Neely refused to hear and decide a pending case because he was within the fourth degree of consanguinity or affinity to one of the parties (Neely was married to the niece of a defendant's wife). The plaintiff applied to the supreme court for a writ of mandamus to compel Judge Neely to hear the case, and this court denied the relief sought, finding the judge's wife was in the second degree of consanguinity to her niece, the defendant's wife; thus, Judge Neely was in the same degree by affinity. In declaring that Judge Neely was within the proscribed degree, the court said:

The method of computing the degrees of consanguinity in the canon has been adopted by the common law, and is as follows: We begin at the common ancestor, and reckon downwards, and in whatever degree the two persons or the most remote of them is distant from the common ancestor, that is the degree in which they are related to each other.

Here, Judge Cole and Mrs. Hodges are first cousins, and in computing their relationship under the common law rule adopted in Arkansas, a grandparent is their common ancestor from whom they are two generations removed and, therefore, related in the second degree of consanguinity. *See also* Ark. Stat. Ann. § 61-144 (Repl. 1971). Clearly, Judge Cole's relationship comes within the prohibition prohibited by our constitutional and statutory law. That being so, Mrs. Hodges' husband shares the same degree of relationship by affinity to Judge Cole.

The Code of Judicial Conduct, adopted by this Court by Per Curiam order of November 5, 1973, 255 Ark. 1075, 493 S.W.2d 422 (appendix), provides that, "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where . . . (d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: (i) is a party to the proceeding, or an officer, director, or trustee of a party to a proceeding. . . ." Canon 3(C)(1)(d)(i). See 28 U.S.C.S. § 455 and Brill, *The Arkansas Code of Judicial Conduct*, 24 Arkansas Law Review 247.

■ Appellees submit that appellant offered no proof in support of the motion to recuse beyond the bare allegation that Judge Cole and Mrs. Hodges were first cousins and that her husband was the owner and publisher of the defendant company. Granted, there was no showing of the actual extent of Mr. Hodge's interest in the publishing company and appellant should have made the required proof. See *Arkansas Highway Commission* v. *Conway Development Corporation*, 244 Ark. 988, 428 S.W.2d 291 (1968). However Judge Cole properly declared his connection with Mrs. Hodges for the record and acknowledged that Mr. Hodges had a proprietary interest in the company, a primary defendant in the case. If the appellees had taken issue with the allegation that Mr. Hodges is the owner and publisher,

appellant's failure to make the proof might be dispositive of the point, but they did not and apparent fairness being the issue, we believe it can be assumed Mr. Hodges' interest is more than nominal. Since Mrs. Hodges and Judge Cole are clearly within the degree of consanguinity prohibited under the statute, he should have removed himself from the case.

Reversed and remanded.