William RILEY, Ed GIBSON and Travis GIBSON
*v.* DREW COUNTY, Arkansas

CA 82-89                                         641 S.W.2d 38

Court of Appeals of Arkansas
*Opinion delivered November 3, 1982*

*James W. Haddock,* for appellants.

*James A. Ross, Jr.,* County Atty., for appellee.

LAWSON CLONINGER, Judge. In this eminent domain proceeding the Drew County Court acquired a portion of appellants' lands for the widening and paving of an existing

gravel highway designated as State Highway 277. The appellants, William Riley, Ed Gibson and Travis Gibson, filed a claim in Drew County Court seeking to have Drew County move and replace appellants' fences along the right-of-way. The Drew County Court denied the claims, and on appeal to the circuit court, a jury returned a verdict denying the claims of appellants.

The question asked by appellants on this appeal is this: "Is the county liable for the replacement of fences taken in an eminent domain proceeding or does enhanced value cover that also?"

Evidence was presented which indicates that appellants do not want to sell their land and are unable to build new fences for the control of their livestock. However, there was substantial evidence introduced from which the jury could find that the enhanced value of appellants' land amounted to considerably more than the value of the land taken plus the cost of erecting new fences.

Where there is a partial taking of a landowner's property, as is the case here, the rule is that the measure of damages is the difference between the value of the whole land before the appropriation and the value of the portion remaining after the appropriation. *Arkansas State Highway Commission* v. *Fox*, 230 Ark. 287, 322 S.W.2d 81 (1959). In *Cullum* v. *Van Buren County*, 223 Ark. 525, 267 S.W.2d 14 (1954), the Arkansas Supreme Court held that even though a landowner's fence, trees and well were destroyed by the construction of a road, the property owner had received just compensation by virtue of the benefits that his property derived from the establishment of a new road. The concept of enhancement was recognized in that case, and the landowner was disallowed any damages. In the case before the court, the jury considered all the evidence regarding appellants' damages and the enhancement value of the remaining property, and we must conclude that the evidence was sufficient to support the verdict.

Affirmed.